SCHOTT, Judge.
Plaintiff has appealed from a dismissal of her suit for damages resulting from a slip and fall in defendant’s supermarket. The issue is whether the defendant breached any duty so as to make itself liable to plaintiff under circumstances where the foreign substance on which plaintiff slipped had been spilled only moments before her accident.
Plaintiff had completed her shopping and was in the checkout line when she realized she had forgotten to get sugar. She left the line to get the sugar and upon her return slipped on some bleach.
This bleach had just leaked from another customer’s shopping basket. The bottle was in a tilted position in the basket and had left a trail of drops of bleach from the shelf where it was displayed to the cashier’s counter where plaintiff slipped.
Defendant’s duty was to keep the premises safe or to warn of the danger if an unsafe condition existed. Williams v. Winn Dixie Louisiana, Inc., 393 So.2d 680 (1981). In this case the court found that the defendant had time to warn plaintiff of the danger created by the spilled substance, but the evidence in the present case shows that the substance was on the floor for no more than two minutes, and unlike Williams nothing happened to bring it to the attention of defendant’s employees until after plaintiff fell.
The short length of time transpiring between the spill and the fall was not such as to call into play defendant’s protective measures as discussed in Gonzales v. Winn Dixie, 326 So.2d 486 (1976), Kavlich v. Kramer, 315 So.2d 282 (1975) and other cases. In short, the evidence does not show any breach of duty such as would make defendant liable to plaintiff under these circumstances.
Accordingly, the judgment is affirmed.
AFFIRMED.