426 So.2d 295 (1983)
Richard HEBERT, Individually and as Administrator of the minor Child, Richard Hebert, Jr.
v.
WINN DIXIE STORES OF LOUISIANA, INC. and XYZ Insurance Company.
No. CA-0097.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
Rehearing Denied February 24, 1983.
*296 Michael I. Rodriguez, New Orleans, for plaintiffs-appellees.
Robert E. Peyton, New Orleans, for defendants-appellants.
Before REDMANN, WARD and LOBRANO, JJ.
WARD, Judge.
Richard Hebert, Jr., a minor child thirteen years of age, slipped and fell striking his elbow on the floor at a Winn-Dixie store in New Orleans on December 8, 1979. His father, Mr. Hebert, individually and as administrator for his child, filed suit in the Civil District Court, asking damages for personal injury to his child and for medical expenses which he had incurred for treatment of his child's injuries. After a bench trial on March 23, 1982, the Trial Judge rendered his verdict against Winn-Dixie and awarded to Mr. Hebert, $250.25 for medical expenses and $1,250.00 for his son's pain and suffering. Winn-Dixie has appealed, asking this Court to reverse the verdict. Plaintiff has answered the appeal, and he requests this court to increase the amount of damages to $3,000.25 and to order Winn-Dixie to pay the legal costs of both trial and appeal.
When a grocery store customer is injured from a fall caused by a foreign substance on the floor of the grocery, the burden of proof shifts and the defendant store must exculpate itself from the claim of negligence. Gonzales v. Winn Dixie Louisiana, Inc. 326 So.2d 486 (La.1976); Peralta v. Schwegmann Bros. Giant Supermarkets, Inc. 406 So.2d 720 (La.App. 4th Cir.1981), writ denied 410 So.2d 762 (La.1982). The issue on appeal, therefore, is whether Winn-Dixie has exculpated itself from this claim of negligence.
Winn-Dixie argues that the Trial Judge's verdict, finding it negligent, was manifestly erroneous. Plaintiff argues that the verdict should be given great weight and should not be disturbed on appeal because it is not manifestly erroneous. Plaintiff, although contending the Trial Judge's verdict was correct, nonetheless also argues that the Trial Judge abused his discretion when he awarded insufficient damages, and he asks that the award be increased.
The injury occurred when thirteen year old Richard Hebert, Jr., while shopping with his mother, fell to the floor after he slipped on broken eggs strewn on the floor of the dairy products section of the grocery. The accident happened about five o'clock in the afternoon. The fall caused pain in Richard's elbow, and since the pain continued during the night, Richard was taken to Methodist Hospital where he was x-rayed *297 and given aspirin. The next morning, the doctor diagnosed the injury as a chipped bone in the elbow and put Richard's arm in a sling. During his recovery, he could not participate in his usual activities of football, physical education, playing in the school band or helping around the house, but he did not miss school, and he was able to resume his normal activities and was discharged by his physician approximately five weeks after the accident. Total medical costs were $250.25.
During the trial, Richard's mother, Mrs. Hebert, testified that although she had not seen the fall, she went over to Richard after he called out to her and he was lying on the floor. Nearby were broken eggs. Richard testified at trial that while he was helping his mother with her shopping, he slipped on broken eggs, but that he did not see them before he slipped, and that he did not know how many eggs were on the floor. In his deposition of February 11, 1981, prior to trial, he stated there were about two dozen.
Winn-Dixie produced two witnesses, one was an employee and the other was the manager of the store. The employee, Clarence Carline, testified that he was the dairy clerk who was in charge of the frozen food and dairy sections and that he was responsible to keep the floors clean and free from any spills in his area. He was the only employee on duty in this section. He testified that he had been in the area of the accident only five minutes before the plaintiff fell and that the floor was clean. He added that if any spills had been on the floor, he would have seen them. He left the dairy area to get his order book, which took three to five minutes, and when he returned, at the time of the accident, he was working about fifteen feet away by the frozen food display case which is across from the dairy aisle, but separated by the frozen food cooling case.
The store manager, Mr. Harvey Louper, testified that he was responsible for store safety and that as a matter of policy, employees inspect the store for hazards every hour. He also testified that he had been in the area less than a minute before the accident occurred and that there were no eggs on the floor. He learned of this accident when Mr. Carline came and told him what occurred, and he testified that when he investigated the accident, he saw one egg on the floor. Mr. Louper was not unfamiliar with slip and fall claims, and he related how he had seen Richard and his mother when they came into the grocery store and why he decided to follow them through the store. In his own words, "The lady had a neck brace on and she looked up and glanced at the office and I said `look at this! If she is going to slip down I better follow her.'" He followed them for ten or fifteen minutes. Nonetheless, he was about forty feet away from the accident when it happened because he had quit following "those people" when someone had called him back to his office.
Winn-Dixie argues that through the testimony of its witnesses, they proved that they were free from negligence. They rely both on Reed v. Kroger Co., 400 So.2d 1106 (La.App. 1st Cir.1981) in which the First Circuit Court of Appeal held that a defendant-grocer who was able to show an "aisle was clear five to ten minutes before the accident", had met its burden to prove that it was free from negligence, and on Mercadel v. Winn-Dixie Louisiana, Inc., 399 So.2d 1317 (La.App. 4th Cir.1981), in which this Court held that where the evidence showed that a substance had been on the floor for no more than two minutes, that evidence was sufficient to prove that the defendant grocer had not been negligent. In support of their argument in this case, Winn-Dixie claims that its witnesses have given uncontroverted testimony to show that broken eggs were on the floor no more than five minutes, and, hence, their testimony must be accepted as true.
Winn-Dixie apparently relies on decisions of the Courts of Appeal to establish rules of law for determining when a store owner has proven itself free of negligence. Therefore, any showing that a substance has been on the floor for only a few minutes will exculpate the store from charges of negligence. We believe, on the other *298 hand, that these decisions are factual determinations, not rules of law, and that every case must stand or fall on the factual circumstances surrounding the accident. The sea of facts is endless, and it is unwise to turn factual determinations into rules of law.
Nor do we accept Winn-Dixie's claim that uncontradicted testimony must be accepted as true. While uncontroverted evidence must generally be accepted as true to establish a fact for which it is offered, this is qualified and limited to situations where there is no showing of falsity or unreliability. Tolar v. K & G Contractors, 214 So.2d 176, (La.App. 4th Cir.1968) writ denied, 254 La. 830, 227 So.2d 373 (1969); Campo v. LaNasa, 173 So.2d 365 (La.App. 4th Cir. 1964), writ denied, 247 La. 874, 175 So.2d 109 (1965).
We also believe that reasonable evaluations of credibility by the Trial Court must be given great weighteven where there is no conflicting testimony. To hold otherwise would require the Trial Court to accept all uncontroverted testimony, no matter how specious or patently false, denying to him the opportunity provided by a trial to evaluate the witnesses.
In evaluating testimony, the Trial Court, of course, may consider that it was not contradicted, but this is only one of many factors to be considered in the question of credibility. Another factor, equally important, is the consideration of whether the opposing party could reasonably produce evidence to contradict testimony. In the instant case, they could not, nor could they reasonably be expected to. There was little chance they could prove that there were not regular inspections or that either the employee or the manager had not been in the area minutes before the fall occurred. While uncontroverted testimony must be evaluated, the Trial Judge, in the exercise of his sound discretion, may accept it as true or reject it as false, just as any other testimony.
As we have noted, the Louisiana Supreme Court has held that the burden of proof shifts to the owner of a self-service grocery store to show that it is free from negligence, and this determination is (usually) a question of fact. The dilemma in this appeal is apparent. If the testimony of all witnesses is accepted as true, this factual determination would strongly support Winn-Dixie's claim that it had proven it was not negligent. On the other hand, the verdict of the Trial Judge raises the irresistible inference that he did not believe the testimony of Winn-Dixie's witnesses. Unfortunately, the Trial Judge did not articulate factual findings or give reasons for his verdict. Nevertheless, because we believe that the issue of freedom from negligence is a factual one, and because we believe that it is within the Trial Judge's sound discretion to accept as true or reject as false the testimony of Winn-Dixie's witnesses, we can only conclude that the Trial Judge did not believe that Winn-Dixie had proven it was free of negligence. We cannot say that the Trial Judge committed manifest error in his factual determination. We may not agree with those findings, but reasonable persons may differ on their evaluation of the evidence, and we find there exists a reasonable factual basis for the conclusion of the Trial Court.
Although the plaintiff has asked this Court to increase the Trial Court's award of damages for his minor son's injuries, the record does not indicate that the Trial Court abused its discretion in awarding damages.
We affirm.