SCHOTT, Judge.
This is a suit by Mrs. Mary Louise Jiles for damages in behalf of her two year old son, Christopher, arising out of salmonella food poisoning he allegedly contracted from fried chicken purchased from defendant. The court dismissed the suit and plaintiff appealed. The issue is whether plaintiff’s evidence was such that the trial court erred as a matter of law in dismissing the suit.
Christopher Jiles became ill on the morning of October 19, 1980, and was hospitalized that afternoon. He was found to have contracted salmonella food poisoning. Plaintiff sought to prove that the cause was fried chicken purchased the previous day from defendant.
Plaintiff testified that she, her then husband-to-be, Henry Braiden, her fifteen year old son, Kevin, and Christopher ate the chicken shortly after purchasing it on the evening of October 18. Plaintiff’s grown daughter, Charita, testified that she, her four year old brother, Torey, and Christopher ate breakfast and lunch together on October 18 but that she and Torey did not get sick.
On the other hand, plaintiff, Braiden, and Kevin testified that they woke up with diarrhea on October 19. Christopher's treating physician testified that salmonella can be ingested from chicken and that the incubation period for the virus is from twelve to eighteen hours although initial symptoms may begin as late as seventy-two hours after ingestion. The virus has more serious adverse effects on a two year old than a grown person.
Given the hypothetical that the other three family members who ate chicken with Christopher contracted diarrhea and that other family members who did not eat the chicken did not get sick, the physician stated that it was “more probable than not that the salmonella could have been in the chicken.”
In reasons for judgment the trial court observed that the physician’s opinion was based on the facts in the hypothetical. However, those facts depended exclusively upon the credibility of the witnesses which the trial judge clearly questioned. None of the other family members sought medical treatment and the physician had testified in discovery deposition that she asked plaintiff whether her older children had diarrhea when Christopher was admitted to the hospital and plaintiff stated that they didn’t. Plaintiff’s entire case rests on the assumption that Christopher’s salmonella poisoning was shared by his mother, his brother, Kevin, and Braiden. Since the trial judge disbelieved their testimony that they con *395 tracted diarrhea the case falls. We cannot substitute our judgment for the trial court’s on such an issue. See Hebert v. Winn Dixie Stores of Louisiana, Inc., 426 So.2d 295 (La.App. 4th Cir.1983).
Finally, we note an additional flaw in plaintiff’s case in that the physician stated that initial symptoms of salmonella may appear as late as seventy-two hours after ingestion. The best plaintiff could show was the food taken by the family from the morning of October 18. They could have ingested the virus as early as October 16 and not had symptoms until October 19.
The trial judge concluded his reasons for judgment with the following succinct statement:
“In sum, the court finds that young Christopher did suffer from salmonella but that plaintiff failed to prove that the source of the bacteria was defendant’s chicken ...”
We find no manifest error in this conclusion and affirm the judgment.
AFFIRMED.