474 So.2d 26 (1985)
Joseph W. ROSE, for Himself and His Minor Daughter, Jonica Rose
v.
WINN-DIXIE LOUISIANA, INC.
No. CA 2516.
Court of Appeal of Louisiana, Fourth Circuit.
July 9, 1985.
Anna M. Washburn, New Orleans, for plaintiff.
William Bassett, Jr., Metairie, for defendant.
Before REDMANN, C.J., and LOBRANO and ARMSTRONG, JJ.
REDMANN, Chief Judge.
A self-service store appeals from a judgment in favor of a customer for $3,500 *27 general damages and $169 medical expenses from a cut knee from a slip and fall in oil and broken glass in defendant's store.
Defendant contends that from the testimony of an employee engaged in stocking a chicken display, making frequent trips past the area where the customer fellthe last perhaps three to five minutes before the falldefendant proved that the oil and broken glass (from a display of 48-ounce bottles at the end of a gondola of other merchandise) cannot have been on the floor long enough for defendant to have had constructive notice of its presence.
Defendant further argues that it did not have the burden of exculpating itself, citing Johnson v. Insurance Co. of North America, 360 So.2d 818 (La.1978). In Johnson, the evidence did not show whether the cans were dangerously stacked before the accident, and the possibility (and mentioned though discounted testimony) existed that plaintiff herself caused the cans to fall upon her. Johnson would only control here if plaintiff child had herself knocked down and broke the bottle of oil. Explicitly, all that Johnson requires is a showing that the hazard existed before the accident. A large spread of oil with large pieces of broken glass on the floor before the accident is a pre-existing hazard, in the sense of Johnson and of Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976), and Kavlich v. Kramer, 315 So.2d 282 (La.1975).
In the words of Johnson, 360 So.2d at 820, "Once the premise hazard and the injury it caused are proved by a preponderance of the evidence, the burden of proof shifts to the store owner to show that he was not negligent." In the words of Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, 686 (La.1984),
"The spill of a foreign substance onto the floor is caused either by a store employee or by a customer. Under the new evidentiary burden, the store operator is required to prove that his employees did not cause the hazard and that he exercised such a degree of care that he would have known under most circumstances of a hazard caused by customers."
Defendant did not show that none of its employees knocked the 48-ounce glass bottle of oil onto the floor, causing the premise hazard. Nor did defendant show that its employees did not participate in causing the hazard by erecting at a gondola's end the display of 48-ounce glass bottles of oil, atop reconstituted "sawdust" dividers, without reasonably sufficient precautions to prevent their falling when, as expected and intended by defendant, customers select purchases from among them or, as experienced by defendant, customers bump into them. (Defense counsel argues that the "it happens all the time" testimony of customers' colliding with displays relates to "round displays on the side of an aisle, not an end display." But the context is of aisles that end in another aisle, forming Ts, so that the end of one is the side of another.) Defendant did not prove that it was not at fault in the oil and broken glass's being on the floor.
Defendant also cites Mercadel v. Winn Dixie Louisiana, 399 So.2d 1317 (La.App. 4th Cir.1981). But in Mercadel the offending substance "had just leaked from another customer's shopping basket." Mercadel does not discuss the self-service store owner's burden of proof in respect to whether its employees, by putting on its shelf an ill-capped bottle that leaked when placed in a tilted position in a customer's basket, caused the premise hazard. All that Mercadel purports to hold is that the presence for "no more than two minutes" on a store's floor of a substance put there by a customer does not make the store owner liable. Mercadel cannot, one hardly need say, overrule the four supreme court cases we cite. Mercadel does not control.
Defendant next argues that general damages of $3,500 is excessive for a laceration that left two small scars (about 2 cm long by .5 and .2 cm at their widest) under the knee of a nine-year-old girl. (The child's legs already had other scars, undescribed.) Reck v. Stevens, 368 So.2d 144 *28 (La.1979), and Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), oblige a reviewing court to affirm the amount of a general damage award unless it finds an abuse of discretion. We cannot say that this amount for this injury, if towards the upper rather than the lower limit, exceeds the trial court's "much discretion," La.C.C. 1934(3).
Finally, defendant argues that the $169 medical expense award (with interest from judicial demand) is not supported by the record. The record contains one bill for medical expense, for $53, and evidence of $100 paid for a medical evaluation and report by a plastic surgeon used as expert evidence at trial. That $100 may be recoverable as costs, but it is not a medical expense recoverable with interest from judicial demand.
Amended by reducing medical expense to $53 and affirmed.