490 So.2d 1095 (1986)
Betty SCHEXNIDER, Plaintiff-Appellant,
v.
WINN DIXIE LOUISIANA, INC., Defendant-Appellee.
No. 85-299.
Court of Appeal of Louisiana, Third Circuit.
April 29, 1986.
Writ Denied June 20, 1986.
*1096 Irby Hebert, Jr., Abbeville, for plaintiff-appellant.
Onebane & Associates, Suzanne M. Jones, Lafayette, for defendant-appellee.
Before LABORDE, YELVERTON and FONTENOT,[*] JJ.
H. WARD FONTENOT, Judge Pro Tem.
Although the plaintiff in this case does not allege a fall related to her injuries, this is a typical "slip and fall" case. The facts are that appellant, Betty Schexnider, hereinafter referred to as plaintiff, was shopping in a store belonging to the defendant-appellee, Winn Dixie Louisiana, Inc. on September 1, 1979 at approximately midday. This retail outlet is of the common variety of self-service food and general merchandise store. While walking in an aisle of the store, plaintiff slipped on a puddle of cooking oil and the effort to retain her balance caused her to wrench her neck and back.
The presence of the oil had resulted from the action of an earlier customer who had placed a bottle of cooking oil in a shopping cart. The oil had leaked out of the bottle while it lay tilted in the cart. For her injuries resulting from this incident, the plaintiff filed a petition but the same was dismissed following a bench trial. The judge handed down a written opinion dated October 24, 1984 giving his reasons.
In that opinion, the court made a factual determination which is the basis for his holding. It reads:
"The court feels after listening to the testimony of all of the fact witnesses, that the oil in question was on the floor for a very short period of time and that even if the store had regular scheduled inspections, there would be a very good possibility that this spill would not have been discovered any quicker than it had."
Plaintiff attacks the judgment as being erroneous in several respects on this appeal.
This review begins by recognizing the principle that once a plaintiff has established that the foreign substance on the floor of a self-service grocery store has caused a slip and subsequent injury, the burden shifts to the store owner to exculpate itself from the presumption that it was negligent. Kavlich v. Kramer, 315 So.2d 282 (La.1975); Brown v. Winn Dixie Louisiana, Inc., 452 So.2d 685 (La.1984).
The manager of the store testified regarding the procedures for keeping the aisles of the store clean. He testified that the floors of the store were mopped with both a dust mop and a wet mop at the close of each working day. All other cleaning of the floor was done on an "as needed basis." He testified that there were no scheduled inspections of the aisles. However, it was a duty of the manager and the assistant manager to walk the floors with a view to examining their cleanliness and safety. Also, all employees were instructed to report spills or the presence of foreign substances on the floor. At the time of the accident, there were three or four employees shelving the merchandise, a chore which would bring them in and out of the aisles regularly.
*1097 The amount of time during which a foreign substance must remain on the floor of a store before negligence is attributed to the store owner cannot be converted into a precise figure for a rule of law. In Mitchell v. Travelers Insurance Company, 464 So.2d 404 (La.App. 1st Cir.1985), no liability was found, although the foreign substance may have been on the floor fifteen minutes prior to the accident. But see Hebert v. Winn Dixie Stores of Louisiana, Inc., 426 So.2d 295 (La.App. 4th Cir.1983) wherein liability existed although the foreign substance had been on the floor less than a minute before the accident. The consistent pattern of these two cases and other slip and fall cases is that the Court of Appeal will accept the reasonable evaluation of the trial court on the question of whether or not the store owner has exculpated itself from negligence. Mercadel v. Winn Dixie Louisiana, 399 So.2d 1317 (La.App. 4th Cir.1981). The finding of the trial court herein is based upon sufficient evidence and is a reasonable evaluation of that evidence.
Appellant has recognized that Article 2317 of the Civil Code is not applicable to the usual slip and fall case. That position has been stated in words to the effect that the temporary presence of a foreign substance on a floor is not a defect within the meaning of Article 2317. McKinnie v. Department of Transportation & Development, 426 So.2d 344 (La.App. 2nd Cir.), writ denied, 432 So.2d 266, 267 (La.1983); Brown, supra. Plaintiff suggests, however, that the question of strict liability under Article 2317 should be considered pertaining to the defect in the bottle of cooking oil which allowed the oil to spill onto the floor. Apparently, this argument was not offered to the trial court and is first raised in the appeal brief.
Although the theory of strict liability dispenses with the necessity of proving negligence, the burden of proof still remains upon the plaintiff to prove that there was a defect in the thing which caused the accident. There is absolutely no proof that the bottle in which the cooking oil was contained, or the cap on the bottle, or the method by which it was packaged were defective. Not having any evidence on the question of how the oil escaped from the bottle, it is just as probable that the customer who handled the bottle was responsible. The duty to protect a patron does not extend to the unforeseeable acts of an independent person. Crochet v. Hosp. Serv. Dist. No. 1, Etc., 476 So.2d 516 (La.App. 1st Cir.1985). The simple fact that the bottle of oil was involved in the accident does not raise the presumption that it was defective. See, Stine v. Creel, 417 So.2d 1243 (La.App. 1st Cir.), writ denied, 422 So.2d 163 (La.1982).
Furthermore, if it is hypothesized that one of the clerks inadvertently caused the bottle to leak through mishandling, this relates to the question of negligence about which no evidence was offered and the plaintiff has the burden on this proposition.
The judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Honorable H. Ward Fontenot, Judge Pro Tempore.