LABORDE, Judge.
Plaintiff-appellant, Leah Simmons, brought suit against Bobby Ford, his employer, Energy Trucking Corporation, its insurer, Hartford Accident & Indemnity Company, and her own uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, for injuries sustained as a result of an automobile accident in Lafayette, Louisiana. A jury trial was convoked and evidence was adduced. The jury returned a verdict in favor of plaintiff for $25,000.00, but found her guilty of negligence and attributed 66.7% to plaintiff as her degree of contributory negligence. The trial judge rendered judgment in conformity with the jury verdict. From this judgment, plaintiff appeals the contributory negligence finding and seeks to have her percentage of negligence reduced to zero. Plaintiff does not contest quantum; therefore, damages will not be addressed.
FACTS
On the morning of September 14, 1983, plaintiff was traveling in an easterly direction on Pont des Mouton Road in Lafayette. At the same time, Bobby Ford was traveling north on Gill Road and approaching the intersection with Pont des Mouton. Gill Road is controlled by a stop sign; while Pont des Mouton is the favored street with a forty-five (45 m.p.h.) miles per hour advisory speed limit.
At this point, widely disparate versions of the truth are presented by the parties. Mrs. Simmons testified that as she approached the intersection, at 40 m.p.h., she saw Mr. Ford attempt to make a right turn onto Pont des Mouton. She testified that in order to keep from striking Mr. Ford’s vehicle, she slammed on her brakes. Plaintiff admittedly lost control of her car and skidded into the opposing lane of traffic where plaintiff collided with an oncoming vehicle. On the other hand, Mr. Ford testified that he brought his pick-up truck to a complete stop at the intersection of Gill and Pont des Mouton. Mr. Ford stated that he had a clear view of the road. After looking left — and seeing no vehicles approaching— Mr. Ford testified that he proceeded onto Pont des Mouton and traveled at least 100 feet when he heard the impact of plaintiff’s collision with the oncoming vehicle. Mr. Ford promptly pulled to the shoulder in order to render assistance.
The only other witness testifying as to the cause of the accident was the investigating police officer, Sergeant Charles Crenshaw of the Lafayette Police Department. The Sergeant testified that the accident occurred on a clear dry day. He measured 60 feet of skid marks on the pavement. The car rotated 180 degrees and ended up 15 feet east of Gill Drive where the collision occurred. No friction co-efficient of the road surface was established by the officer; therefore, he refused to estimate the speed of plaintiff’s vehicle. Sergeant Crenshaw also testified that there was a pile of shells three to four feet high just off of Pont des Mouton to the west of Gill Drive. The Sergeant testified that he walked to where he approximated Mr. Ford’s truck stopped to observe whether his view would have been obstructed. Sergeant Crenshaw opined that the driver’s view would be impeded; however, on cross-examination, he admitted that he had not taken into account the fact that Mr. Ford’s pick-up truck was a modified oil field “rambler” equipped with oversized tires.
ON THE MERITS
It is unnecessary to cite the legion of cases setting forth the jury’s duty to evaluate credibility, interpret information, and determine “facts.” Equally well settled is the proposition that testimony, even uncon-tradicted testimony, may be disregarded according to the caprice of the trier of fact as long as there is a reasonable basis for the rejection. See Hebert v. Winn Dixie *55 Stores of Louisiana, Inc., 426 So.2d 295, 298 (La.App. 4th Cir.1983).
In this case, we find that the jury did an admirable job in wading through the quagmire of opposing testimony. The evidence well supports a finding of negligence on behalf of Mr. Ford and Mrs. Simmons, ie., that Mrs. Simmons was perhaps going faster than she thought and paying less attention to the road than she should; and Mr. Ford pulling out into the road before the route was absolutely clear. Under the contested facts of this case, a wide range of contributory negligence assignments would have to be accepted by us under the manifest error rule. The jury had the right to accept and to reject portions of each of the party’s testimony. The jury’s finding that Mrs. Simmons was 66.7% contributorily negligent is not only well supported and reasonable, but also correct.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.