GARRISON, Judge.
The case at hand arises from a personal injury action brought by Randy Gullo against the Sewerage and Water Board of New Orleans. The trial court’s judgment in favor of the plaintiff, which we affirm, has occasioned this appeal by the Sewerage and Water Board.
On March 16,1988, at approximately 7:00 p.m., plaintiff, Randy Gullo, was walking on the sidewalk of Toulouse Street between Chartres and Decatur in New Orleans. Upon walking on a water meter cover owned by the Sewerage and Water Board, such cover broke and as a result, plaintiff sustained a gash to his leg which in turn caused him sustaintial pain and suffering. Plaintiffs wound has since healed leaving two small scars.
Plaintiff brought suit-against the Sewerage and Water Board of New Orleans, claiming negligence on its part for failing to maintain its covers properly or, conversely, for failing to post adequate warnings as to the meter cover’s hazardous condition. Also named as a defendant was Lexington Insurance Company, the Sewerage and Water Board’s alleged insurer.
The Sewerage and Water Board denied liability based on the theories of third-party and victim fault.
At trial, C. James Conner testified as to a report he prepared for defendant as to tests he had executed on the cover itself. Mr. Conner is a chemist and qualified at trial as an expert in that field. He stated that he examined six metal fragments that, when placed together, formed a cast iron water meter cover approximately 12 inches in diameter. As a result of his examination of these fragments and the area on Toulouse from where they had been taken, Mr. Conner concluded that this particular cover had been first cracked over a month prior to his examination, most likely due to a car or van, which frequently park on the sidewalks of Toulouse Street. Mr. Conner felt that it was this initial crack which caused the cover to shatter under the plaintiff’s weight, and that this breakage had occurred no more than a few days before his examination, but at least one month after the initial crack. Mr. Conner further stated that an examination of the cover would have revealed its cracked condition. These conclusions were reached through observation of the oxidation (rust) levels of the aforementioned fragments.
The testimony further established that plaintiff did not work for six days at his job as a clothing salesman due to his injury thus causing him a loss of commissions.
On December 9th, 1987, the trial judge rendered judgment in favor of plaintiff and against defendant, Sewerage and Water Board of New Orleans, awarding $3,500.00 in general damages, $479.00 for lost wages and $71.00 for medical expenses together with costs and legal interest until paid. In his reasons for judgment, the trial judge stated that the defendant had a duty to check its meter covers due to the danger they may present to the public at large and pedestrians in particular. Although caused by third persons, the trial judge found defendant to have had constructive knowledge of the cover’s defective condition and, as such, should have taken steps to remedy this situation. The determination of lost wages was based upon plaintiff’s past *25 earnings as explained by the testimony of plaintiff’s employer’s payroll clerk and pertinent business records of same.
On appeal, the Sewerage and Water Board of New Orleans contends that the trial judge erred: in admitting the deposition of the treating physician into evidence without proof of his unavailability for trial; in the determination of the amount of plaintiff’s lost earnings, in awarding excessive damages; and, in finding liability on the part of defendant for acts of third parties.
As stated by plaintiff’s counsel at trial and evidenced by the deposition of Dr. Kinnett, counsel for both parties stipulated that the deposition in question was taken for the perpetuation of the testimony contained therein, thus waiving the restrictions for such introduction as set out in the Louisiana Code of Civil Procedure, articles 1429-1431. Such waiver is acceptable and the deposition was properly admitted by the trial judge into evidence. Brumfield v. Brumfield, 178 So.2d 379 (La.App. 1st Cir.), writ refused, 248 La. 435, 179 So.2d 274 (1965), states:
“Whereas, rules of procedure have the force and effect of law nevertheless they may be waived ... ‘Whether or not a waiver by counsel of the requirements of rules shall be recognized is a non-reviewable matter within the decision of the court’ ”.
Defendant contends that the trial judge erred in his determination of the amount of plaintiff’s lost earnings. Article 1999 of the Louisiana Civil Code states:
“When damages are insusceptable of precise measurement, much discretion shall be left to the Court for the reasonable assessment of these damages”
In determining the sum of $479.00 for lost earnings, the trial judge stated that he based this figure on the payroll clerk’s testimony and plaintiff’s past earning of commissions. Due to the fact that plaintiff’s wages are based on commission determined by the volume of his sales, the exact amount of earnings lost was necessarily estimated. As this estimation was drawn mainly from uncontested and reliable information in the trial record, the trial judge’s determination of lost wages was not unreasonable and is clearly within the “much discretion” accorded the trial court in determining such figures.
Defendant claims that the trial judge erred in awarding plaintiff excessive damages. However, it is well settled that before the trial court’s quantum award can be disturbed, this court must find an abuse of such trial court’s much discretion in determining the quantum. CoCo v. Winston Industries, Inc. 341 So.2d 332 (La.1977). In the case at hand, an award of $3,500.00 does not constitute an abuse of this discretion where the plaintiff experienced pain and suffering and was left with two small scars on his leg. Additionally, plaintiff stated that he continues to have some occasional discomfort. See Rose v. Winn-Dixie Louisiana, Inc., 474 So.2d 26 (La. 4th Cir.1985), where the plaintiff was awarded $3,500.00 for two small scars sustained as a result of a slip and fall.
Finally, defendant contends that the trial court erred in finding it liable for plaintiff’s damages as they are due to the actions of third parties. In order for a public agency to be liable in strict liability or negligence for failure to correct a dangerous situation, including that caused by third parties, it must have notice, either actual or constructive, of the existance of such a situation. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980). The trial court in this instance found the defendant to have had constructive knowledge of the crack in the cover due to the length of time this defect was present (at least one month). This finding was not manifestly erroneous. In Baker v. Sewerage and Water Board, 466 So.2d 720 (La.App. 4th Cir. 1985) this Court found the defendant to have had constructive knowledge of a missing cover where the cover had been missing for two and one-half weeks due to the actions of unknown third parties. Thus, the trial court’s determination of liability should not be disturbed.
AFFIRMED.