DOMENGEAUX, Judge.
Plaintiff-appellant, Marie Derouen Bijou, sued the defendant-appellee, Circle K General, Inc. and The Circle K Corporation for injuries she sustained after an alleged slip and fall in one of the defendant’s convenience stores. The plaintiffs husband, Rudolph J. Bijou, Sr., also sued the defendant for loss of consortium. The Trial Court, in extensive reasons for judgment, denied the plaintiff recovery after finding (1) that the plaintiff failed to prove that a premises hazard existed at the defendant’s store; (2) that the plaintiff failed to prove that she received any injury on the defendant’s premises; and (3) that the defendant’s “wet floor” warning sign placed near the checkout stand discharged the defendant’s duty to warn the plaintiff of any hazardous condition. The plaintiffs have appealed these rulings by the Trial Court.
FACTS
The facts were well set forth by the Trial Court in its written reasons as follows:
Plaintiff claims that on January 24, 1985, she slipped and fell in Circle K Store No. 345-913 while making a retail purchase. Plaintiff claims that as a result of her fall that day she experienced painful and disabling back injuries that eventually required surgery.
According to the testimony of plaintiff she entered defendant’s store and turned to her right towards the coolers in the back of the store. When she was almost to the end of this aisle she stated that she slipped and fell completely to the floor on her buttocks and left leg. She attempted to break her fall with her left arm. She said that she fell on water on the floor and that as a result her clothes were wet. Bijou stated that at that point an employee up front said, “Ma’am you fell.” Plaintiff then immediately jumped up and continued to the coolers and picked up a soft drink. As she returned to the front of the store she picked up a honey bun. Plaintiff stated that when she reached the cash register she remarked to the employees “there’s the sign” indicating the wet floor sign that was set up in this area. Plaintiff stated that this was the first time she saw this sign. Under cross-examination plaintiff stated that the checkout girl called her attention to the sign rather than her noticing it and commenting as she said on direct examination. Plaintiff then paid for the items and left without any further reference to the sign or to her alleged fall the minute before. She stated that she was wearing dress boots with stacked heels. Plaintiff stated that she stumbled a couple of times when she was on her way from the store to her truck.
Plaintiff claimed that she began to feel the effects of the fall on the way to the bank after leaving the store. She said that she had stiffness in her lower back and left leg. She was examined later that day by Dr. Fletcher S. Sutton, Jr. who had her admitted to the hospital that afternoon. After receiving conservative treatment for this injury, plaintiff underwent surgery.
*732 It should be noted at this point that this was at least the fourth incident that involved traumatic injury to plaintiffs back, three of which resulted in lawsuits.
Deborah Backus, a zone manager for Circle K, was working in Store 345-913 on January 24, 1985. Backus swept and mopped the floor with either bleach and water or plain water about thirty minutes before plaintiff entered the store. The caution wet floor sign was placed directly facing the front door in the checkout area. The witness stated that she first saw plaintiff in the parking lot of the store. Backus stated that it looked as if plaintiff had turned her ankle and stumbled in the lot as plaintiff was getting out of her truck and once again when she reached the sidewalk in front of the store. She joked that plaintiff looked like she was drunk. Backus stated that it had been raining that day and added that plaintiff had on boots with a “skinny heel”.
Backus testified that upon entering the store the plaintiff headed to her right and down the first aisle towards the back of the store. Backus said that her attention was diverted for a few seconds. She then heard Mary Ashy, a co-worker, ask plaintiff if she was all right. Upon hearing this Backus stated she turned and saw plaintiff’s shoulders at the end of the aisle. The plaintiff was standing up. In her deposition Backus stated that when plaintiff slipped she grabbed the coke rack located at the end of the aisle. She stated that she heard the coke rack rattle. She went on to say that it was she who asked plaintiff if she was all right.
At trial she stated that it was Mary Ashy who asked if plaintiff was all right and that she did not see plaintiff slip but did see her hold on to the coke rack. At trial, she did not remember hearing the coke rack rattle. Ms. Backus likened what she saw plaintiff do at the end of the aisle to what she had seen plaintiff do twice on the way into the store. Backus further testified that when plaintiff came up to the checkout counter Bijou said, “Oh there’s the sign.” Nothing further was said. Plaintiff checked out and left. Backus stated she did not inspect the floor immediately after plaintiff left. About twenty to thirty minutes later she was in that area and noticed nothing unusual about the condition of the floor. Other customers came in after plaintiff and there were no complaints about the floor surface.
Plaintiff called the store several days later to complain about the accident. Ms. Backus stated she had difficulty remembering who plaintiff was because after she recalled the incident, she had not considered it very serious and no report had been made at that time.
Mary Brown Ashy, who was employed at the store the day of the accident, testified that she did not remember plaintiff coming into the store. She stated that she first saw plaintiff at the back of the store towards the end of the first aisle. She noticed plaintiff standing up from what appeared to be a stooped position. She stated that she did not see plaintiff fall. She stated that she heard no unusual noises that would indicate a fall.
In her deposition, the witness stated that Ms. Backus asked plaintiff if she was all right and that she did not remember plaintiff saying anything. At trial, Ashy did not remember any statements by Backus.
The remainder of Ms. Ashy’s testimony as to mopping procedures and placement of the sign was basically the same as that of Backus. She did add that the mop used was a damp mop, i.e. a wet mop put through a wringer. She also stated that the caution sign was alone and unobstructed in facing the front door and that the floor normally took fifteen to twenty minutes to dry.
Ms. Ashy is no longer employed by defendant.
[[Image here]]
I would very much like to wipe the slate clean and start over. This is not possible and therefore, in peering through the web of confusion and/or de *733 ceit, the Court comes up with the following facts:
Something did happen to this plaintiff at the end of the aisle. The floor apparently had been mopped a short time before. The evidence as to the existence of a hazard is in conflict. The plaintiff claimed that she fell on water. The employees, although admitting that they did not inspect the area right after plaintiff fell (as plaintiff had made no mention of a fall), stated that the area was mopped with a damp mop about thirty minutes before plaintiff entered the store. Ms. Ashy stated that the floor normally dried in fifteen to twenty minutes. There was testimony from Backus that it had been raining and that plaintiff stumbled twice on the way into the store.
There were a few discrepancies between the deposition testimony and trial testimony of the store’s employees but this Court does not consider these so crucial so as to require it to completely disregard their testimony. In considering the overall demeanor of these two witnesses, it is apparent to this Court that their version of the facts is by far the more trustworthy account. They didn’t try to convince the Court that nothing had happened to plaintiff. They admitted having mopped about thirty minutes before and the plaintiff did appear to slip. Adding to the credibility of defendant’s witness, Mary Ashy, is the fact that she is no longer employed by Circle K and can therefore be considered a disinterested witness.
Defendant’s employees have convinced this Court that plaintiff may have slipped or turned her ankle and stumbled but she did not fall to the extent described by her at trial. Plaintiff had stumbled in the parking lot and on the sidewalk before she entered the store and this is what I believe most likely happened again once she entered the store. I don’t believe she fell down on the floor in this store. Dr. Sutton, when asked if the symptoms he found in plaintiff on the initial examination on January 24, 1986, were consistent with the history that Mrs. Bijou gave him regarding the accident, replied in the affirmative. (Deposition p. 14) After reviewing Dr. Sutton’s deposition, I think that she received injuries consistent with the symptoms she has described but I don’t think she received them in defendant’s store.
Besides her less than credible demean- or some of the plaintiff’s actions she described are not consistent with the actions of someone who has supposedly just fallen “completely to the floor” on water and unsuccessfully attempted to break her fall with her left hand. Plaintiff said that she jumped up immediately. She then went to get a coke from the cooler and picked up a honey bun on the way up to the cash register. At the check out counter she claimed either she said “there’s the sign” or the check out girl pointed out the sign to her. She then paid for the items and left. This Court finds it very curious that at no time did she mention to the employees that she had fallen to the floor or indicate that anything had happened at all. This would seem like an unreasonable course of action for an ordinary person much less one who has been involved in at least one previous slip and fall accident as well as two car accidents in which she received injuries.
Furthermore, even if the floor had been wet and it caused something to happen to plaintiff, the defendant breached no duty to plaintiff. This Court is of the opinion that the warning sign posted gave plaintiff adequate notice that a slippery condition could possibly be expected and it was incumbent upon her to exercise care. Plaintiff stated she did not see any warning signs. This Court feels that due to the sign’s design and prominent placement, defendant discharged its duty to warn her and plaintiff should have seen it. A person is obliged to make reasonable use of his faculties and senses to observe and avoid danger and he must be presumed to know what the ordinary use of his faculties would make apparent to him.
Plaintiff has failed to prove by a preponderance of the evidence that a prem *734 ises hazard existed at defendant’s place of business. In fact, plaintiff failed to persuade this Court that she received any injury on defendant’s premises. Furthermore, the actions on defendant’s part in warning plaintiff of possible slippery conditions were reasonable and discharged any duty to warn it had to plaintiff.
On appeal, the plaintiff argues that the Trial Court erred in determining (1) that the plaintiff did not prove that there was a hazardous condition in the store, (2) that the plaintiff did not prove that she fell “onto her buttocks” nor that her extensive injuries resulted therefrom, and (3) that the defendant’s duty to warn the plaintiff of a store hazard was fulfilled by the placement of the “wet floor” warning sign near the checkout counter.
The standard of appellate review is well established: The reviewing Court must give great weight to factual conclusions of the trier of fact, and where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The plaintiff sued the defendant on the basis of strict liability under La.C.C. art. 2322, charging the defendant to be the owner of a building who is answerable for the damage occasioned by its ruin. Even though the theory of strict liability dispenses with the necessity of proving negligence, the burden of proof still remains on the plaintiff to prove that there was a defect in the thing which caused the accident. Schexnider v. Winn Dixie Louisiana, Inc., 490 So.2d 1095 (La.App. 3rd Cir.), writ denied, 491 So.2d 381 (La.1986).
The Trial Judge found that the plaintiff had not proven by a preponderance of the evidence that there was a hazardous substance on the floor. The evidence presented at trial indicated that an employee completed mopping the floor thirty minutes before the plaintiff entered the store. Both employees testified that the entire mopping procedure took twenty minutes and the mopping commenced at the store’s entrance and concluded at the store’s rear. According to the employees, the area initially mopped was usually dry by the time the mopping was completed. Therefore, according to their testimony, the floor area upon which the plaintiff allegedly fell would have dried thirty to thirty-five minutes before the plaintiff entered the store. This testimony supports the Trial Judge’s factual determination that the plaintiff failed to prove the existence of a hazardous condition; namely, the wet floor.
Also, the evidence presented at the trial supported the Trial Court’s second factual determination: that the plaintiff did not prove that she fell onto her buttocks while in the plaintiff’s store. Neither employee stated that they saw the plaintiff fall to the floor. At the trial both employees stated that they saw the plaintiff get up from a “stooped” position while holding onto a nearby cola beverage display. The manager stated that she noticed the plaintiff holding onto the display after she heard the other employee ask the plaintiff “Are you all right?” During the trial the employee who allegedly asked this question could not remember making such an inquiry. In their depositions, the employees’ testimony differed somewhat in that both stated that it was the manager who asked the plaintiff if she was all right. However, their deposition testimony was otherwise consistent with their trial testimony regarding the plaintiff’s stooped posture.
The Trial Judge stated that the testimony of the two employees was more credible than that of the plaintiff. As stated earlier, reasonable evaluations of witness credibility should not be disturbed on appeal. Canter v. Koehring, supra; Richard v. Tri-J Indus. Const. Inc., 478 So.2d 215 (La.App. 3rd Cir.1985). Based on the testimony of these employees, we find no manifest error in the Trial Court’s determination that the plaintiff did not prove that she fell onto her buttocks while on the defendant’s premises.
As the plaintiff failed to prove a prima facie case by a preponderance of the evi *735 dence, we need not address the remaining assignment of error and we specifically make no ruling on the correctness or incorrectness of the Trial Court’s determination of this matter.
For the foregoing reasons the ruling of the Trial Court is affirmed.
Costs on appeal are assessed against the plaintiffs.
AFFIRMED.