KLEES, Judge.
The plaintiff, Lynelle LeBlanc, brought suit against the defendant, Schwegmann’s Giant Supermarket, to recover for injuries she sustained as a result of her slip and fall in the North Broad Street store. The First City Court for New Orleans rendered judgment in favor of defendant, finding that defendant exculpated itself from liability. Plaintiff appealed. After a review of the record and applicable law, we affirm.
On May 30, 1989, plaintiff was shopping in defendant’s store. She stepped in a spill of broken eggs on the floor in the dairy aisle, causing her right leg to slip out from under her. Plaintiff sustained injuries to her right side, neck, and back.
Plaintiff’s witness, Ms. Mickey Torrega-no’s testimony at trial confirmed that there was raw egg on the floor where plaintiff fell. Defendant’s witness Mr. Olin Walker, Schwegmann’s Chief of Security who was called to the accident site, also testified that he observed raw egg on the floor. Therefore, theré is no dispute that the raw egg was the foreign substance which caused the plaintiff’s fall.
The burden then shifted to defendant to prove that its inspection and clean up procedures were reasonable. The issue in this case then is whether defendant met its burden.
*444 The trial court found that defendant did meet its burden of proof. The Court heard the matter on November 27, 1991 and after taking it under advisement, rendered judgment in favor of defendant on January 13, 1991. The Court assigned as reasons for the judgment:
The Court finds that the defendant conducted inspections of all areas of the store within one half hour to sixty minutes and therefore did have in effect at the time of the accident reasonable inspection and clean up procedures designed to spot and remedy hazards.
The Court relied on Mr. Walker’s testimony that he inspected the dairy aisle ten minutes before the accident occurred and the “sweep sheet” introduced by plaintiff which showed that the porter, Domingo Solis, had inspected the area 36 minutes before the accident.
The plaintiff, Mrs. LeBlanc, argues on appeal that the trial court erred in finding that Schwegmann’s inspection procedures were reasonable. Plaintiff alleges that the dairy aisle is more prone to hazardous conditions and defendant should have required more regular and frequent inspections. In addition, plaintiff alleges defendant failed to introduce sufficient evidence because it failed to produce the testimony of the porter, Domingo Solis, at trial. Mr. Solis was the employee in charge of inspecting and cleaning the dairy aisle. Thus, she contends that defendant failed to meet the burden of proof required to exculpate itself from liability.
LSA-R.S. 9:2800.6 governs the present case. Once the plaintiff proves that the accident was caused by a hazardous condition, the burden of proof shifts to the defendant to prove he acted in a reasonably prudent manner to keep the store free from hazardous conditions. LSA-R.S. 9:2800.6 B. In exculpating himself from liability the merchant need not introduce the testimony of every employee or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities include an inspection or clean up of the area where the accident giving rise to the damages occurred. LSA-R.S. 9:2800.6 C.
The evidence in this case consisted of Mr. Walker’s testimony and the daily inspection log sheets. Mr. Walker, Chief of Security, testified that his job was to detect shoplifters and make sure the store was free of any hazards to employees or customers. He further stated that he walks the floor constantly during the work day, primarily looking for hazards. On the day of the accident, Mr. Walker walked through the dairy section ten minutes before the accident occurred and did not see eggs on the floor. At the time of the accident both plaintiff’s and defendant’s witnesses noted the presence of eggshells on the floor which would have likely made the spill observable to Mr. Walker who was looking for potential hazards.
The log sheets indicated that Mr. Solis inspected the dairy area four times the morning of the accident 8:45, 9:32, 10:06, and 11:04. The last inspection was 36 minutes before the accident.
Plaintiff cites Blanchard v. Schwegmann Giant Supermarkets, Inc., 463 So.2d 616 (La.App. 4th Cir.1984), in support of her argument that defendant’s inspection procedures were not reasonable under the circumstances. However, in Blanchard, the accident occurred in the seafood section where it was admitted by defendant’s witnesses that frequent clean ups were necessary because drippings built up rapidly. The plaintiff here argues that the dairy aisle is more prone to hazardous conditions than other sections of the store, but offers no proof that spills actually occur more frequently.
Plaintiff also relies on the case of Hebert v. Winn Dixie Stores of Louisiana, Inc., 426 So.2d 295 (La.App. 4th Cir.1983), to prove that even a ten minute lapse in inspection is unreasonable in the dairy section. In Hebert, the trial court found Winn Dixie liable despite uncontroverted testimony that the broken eggs were not on the floor less than one minute before the accident. The appellate court upheld the trial *445 judge’s decision finding no manifest error and stated that reasonable evaluations of credibility must be given great weight. The Court concluded that the trial judge simply did not believe the defendant’s witnesses’ testimony.
The defendant, Winn Dixie, relied on pri- or case law where evidence showed that the aisles were free from spills within five to ten minutes before the accident and was held sufficient to exculpate defendant. However, this Court recognized that these decisions are factual determinations, not rules of law, and every case must stand or fall on the facts surrounding the incident. Id. at 298.
The same reasoning applies to the present case. The trial judge’s decision rested on the particular facts of this case and the credibility of defendant’s witness, Mr. Walker. The trial judge obviously believed Mr. Walker’s statement that he was in the diary section ten minutes before the accident and did not see any hazard. In addition, the trial judge concluded from the evidence presented at trial that the defendant did conduct regular and periodic inspections which were reasonable under the circumstances.
Credibility determinations and factual findings should not be disturbed on appeal absent manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Although reasonable persons may differ on their evaluation of the evidence, there is a reasonable basis for the trial court’s conclusion in the present case.
Finally, plaintiff argues that R.S. 9:2800.-6(C) requires the defendant to introduce the testimony of the employee responsible for inspecting the area at issue. Thus, because defendant failed to call Domingo Solis, plaintiff concludes that defendant failed to exculpate itself from liability. We disagree.
Ordinarily, the failure of a party to call a witness creates a presumption that his testimony would be adverse; however, here defendant did subpoena Mr. Solis who then failed to appear at the trial. In addition, Mr. Walker, who did testify, was the last person to have inspected the area in question and the log sheets clearly documented the times that Mr. Solis inspected the area. Thus, although Domingo Solis’ testimony should have been introduced, the trial judge could have concluded from the evidence presented that defendant proved that its inspection procedures were reasonable.
Accordingly, for the reasons given, the lower court’s judgment in favor of defendant is affirmed.
AFFIRMED.
PLOTKIN, J., dissents in part with written reasons.