THERIOT, J.
Jill Hopper Jenkins, the appellant, appeals a judgment by the Twentieth Judicial District Court, which denied her request for permanent spousal support in favor of the appellee, Mark Steven Jenkins. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Mark and Jill Jenkins were married September 23, 1988. Three children were born of the marriage. Mark filed a petition for divorce on July 25, 2014, wherein he claimed Jill's conduct gave rise to the necessity of him filing for divorce. A judgment of divorce was signed on October 6, 2015, dissolving the marriage. At the time of the divorce, all but the youngest of the children had reached the age of majority.
In her answer and reconventional demand, Jill requested final periodic spousal support, claiming that she was free from fault in the divorce and that she had sufficient financial need. Jill had been employed as a school bus driver until 2010, when she retired. In 2009, she had been diagnosed with breast cancer, for which she underwent a double mastectomy, reconstructive surgery, and chemotherapy. Shortly after receiving a chemotherapy port in her arm, she retired. Her medical treatment due to her cancer was ongoing. In his answer to her reconventional demand, Mark claimed that Jill was not free from fault.
A trial on the issue of permanent periodic spousal support was heard on March 15, 2017.[1] During the hearing, Jill testified that her ongoing medical issues prevented her from holding any kind of a job. She stated that at the time of the hearing, her treatments had resulted in out-of-pocket costs of $22,286.00, averaging about $425.00 a month, plus prescriptions averaging $103.00 a month. In addition to medical expenses, Jill testified as to her household, utility, and cell phone expenses. She was not insured through her employment as a bus driver because during the marriage, she had declined her employer's health insurance in favor of Mark's insurance benefits through his employment.
During cross-examination, Jill testified that she and Mark were "both at fault" for the breakup of the marriage. She claimed that Mark belittled her as being "half a woman" after her surgeries and that they communicated poorly. She admitted to asking *886 Mark to leave the home following a disagreement concerning their youngest child's involvement in an automobile accident.
Mark testified that he had initially separated from Jill on June 22, 2014 after she had asked him to leave the home for "three days in a row," from June 20 to June 22, 2014. Mark stated that this incident was not the first time that Jill had asked him to leave, and when Jill asked him to leave on June 22, 2017, he told her he would not come back to the home. Mark recalled two or three other occasions when Jill asked him to leave the home.
Mark denied ever belittling Jill by calling her half a woman. He also denied abusing her physically. In contrast, he testified that Jill was "moody and argumentative" during the marriage, even before she was diagnosed with cancer. He stated that Jill would refuse to speak to him for multiple days, sometimes as long as a week. Mark testified that she would nag him regularly throughout the marriage, often arguing over issues with the children. Mark testified it got to the point where he found the marriage to be "unbearable." Whenever Jill would tell him to leave the home, Mark would go to another piece of property he owned and sleep in his truck.
The trial court found that Jill failed to meet her burden of proving that she was free from fault in the breakup of the marriage. As such, the trial court denied her request for an award of permanent periodic spousal support in favor of Jill, and this appeal followed.[2]
ASSIGNMENTS OF ERROR
Jill cites the following assignments of error:
1. Because Jill was free from fault in the breakup of her marriage with Mark, the trial court erred in denying her demand for permanent periodic spousal support.
2. Because Jill established she has need beyond her means exceeding $1,900.00 per month, based in part on her medical issues and inability to work, and that her ex-husband has means, the trial court erred in denying her permanent periodic spousal support.
STANDARD OF REVIEW
A spouse seeking permanent alimony must be without fault, and the burden of proof is on the claimant. The question of fault is a factual one. Mayes v. Mayes , 98-2228 (La. App. 1 Cir. 11/5/99), 743 So.2d 1257, 1259.
The appellate court's review of factual findings is governed by the manifest error-clearly wrong standard. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court; and 2) whether the record further establishes that the finding is not manifestly erroneous. Almon v. Almon , 2005-1848 (La. App. 1 Cir. 9/15/06), 943 So.2d 1113, 1115. Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary to conclude there was manifest error. Id.
However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. Id. ; See *887 Stobart v. State, through Department of Transportation and Development , 617 So.2d 880, 882 (La. 1993). The manifest error standard of review obligates an appellate court to give great deference to the trial court's findings of fact. We will not reverse factual determinations, absent a finding of manifest error. Rosell v. ESCO , 549 So.2d 840, 844 (La. 1989).
DISCUSSION
Jill's burden in seeking permanent spousal support was to prove she was free from fault in the breakup of the marriage. To constitute legal fault, misconduct must not only be of a serious nature, but must also be an independent contributory or proximate cause of the separation. Mayes , 743 So.2d at 1259. Recognized examples of legal fault are adultery, conviction of a felony, habitual intemperance or excesses, cruel treatment or outrages, public defamation, abandonment, an attempt on the other's life, status as a fugitive, and intentional non-support. Id. at 1260. A continued pattern of mental harassment, nagging, and griping by one spouse directed at the other can constitute cruel treatment. Adkins v. Adkins , 42,076 (La. App. 2 Cir. 4/11/07), 954 So.2d 920, 923 ; Jenkins v. Jenkins , 441 So.2d 507, 509 (La. App. 2 Cir. 1983), writ denied, 444 So.2d 1223 (La. 1984).
We find that the record contains sufficient evidence to support the trial court's finding that Jill failed to meet her burden of proving that she was free from fault in the dissolution of the marriage. In addition to Mark's own testimony about Jill's behavior, Cynthia Hopper Smith, Jill's sister, testified on Mark's behalf that Jill told her the reason for the separation was that she asked him to leave. Ms. Smith, being a frequent visitor at the Jenkins' home and being close to both Jill and Mark, knew of at least three occasions Jill had asked Mark to leave the home. Ms. Smith testified she never heard Mark belittle Jill in any way during the twenty-six years of their marriage, but that Jill "talked down" to Mark often. She characterized Mark as being a supportive husband and not abusive to Jill.
Ms. Smith's testimony corroborates Mark's testimony that living with Jill had become unbearable by being constantly argumentative with him and told him to leave the family home on several occasions. The evidence submitted by Jill mostly concerned the valuation and her need of the spousal support she requested. Based on all the evidence in the record, we cannot say that the trial court erred in denying permanent spousal support to Jill. The trial court has vast discretion in matters regarding determination of fault for purposes of precluding final periodic support. The trial court's finding of fact on the issue of fault will not be disturbed unless manifestly erroneous. Roan v. Roan , 38,383 (La. App. 2 Cir. 4/14/04), 870 So.2d 626, 632 ; Lyons v. Lyons , 33,237 (La. App. 2 Cir. 10/10/00), 768 So.2d 853, 859, writ denied, 2000-3089 (La. 1/5/01), 778 So.2d 1142. Since we are affirming the trial court's denial of spousal support, we pretermit discussion on the issue of valuation.
DECREE
The judgment of the Twentieth Judicial District Court denying permanent periodic spousal support on behalf of the appellant, Jill Hopper Jenkins, is affirmed. All costs of this appeal are assessed to the appellant.
AFFIRMED.

The judgment conflicts with the record by stating that the hearing was held on March 16, 2017. However, the judgment also states that judgment was rendered in open court on March 15, 2017, and that the judgment was signed March 16, 2017. We find the conflict of dates to be simply erroneous and of no moment for the issues presented.

Jill also filed an appeal of the judgment concerning the partition of the community property, which is also before this Court. See Jenkins v. Jenkins, 2017-1202 c/w 2017-1203 (La. App. 1 Cir. 4/13/18), --- So.3d ----, 2018 WL 1773158.