THERIOT, J.
*268 Jill Hopper Jenkins, the appellant, appeals the judgment by the Twentieth Judicial District Court, which denied her request to reduce the value of the matrimonial domicile in the partition of community property. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Mark and Jill Jenkins were married September 23, 1988. Three children were born of the marriage. Mark filed a petition for divorce on July 25, 2014, wherein he claimed Jill's conduct gave rise to the necessity of him filing for divorce. A judgment of divorce was signed on October 6, 2015, dissolving the marriage. At the time of the divorce, all but the youngest of the children had reached the age of majority.
On January 5, 2015, Mark filed a petition for judicial partition of community property. Jill filed her own petition for judicial partition of community property on June 5, 2015, and attached a detailed descriptive list of their former community of assets and liabilities. She listed the value of the matrimonial domicile in Clinton, Louisiana as unknown. In her petition, Jill requested no reimbursements related to the family home from Mark.
Mark filed his own detailed descriptive list on November 23, 2015, in which he valued the matrimonial domicile at $400,000.00. Jill filed a supplement to her detailed descriptive list on March 10, 2017, alleging that the matrimonial domicile was in need of repairs to the roof and air conditioning systems in the amount of $14,650.00. Jill further attested that she would bring necessary witnesses to substantiate the cost of repairs.
A trial was held on the partition of community property on March 15, 2017. In a judgment signed on May 9, 2017, the trial court valued the matrimonial domicile at $331,000.00, which was based on an appraisal that Mark introduced into evidence. The trial court declined to reduce the value of the property of the matrimonial domicile for the alleged necessary repairs. In its written reasons for judgment, the trial court stated that both parties agreed to accept the value of the matrimonial domicile at $331,000.00; however, Jill reserved her right to introduce evidence of needed repairs to the property. The trial court noted that only Jill testified as to the repairs without any corroborating testimony or documentation as to the expense of the alleged repairs. From the judgment, Jill filed the instant appeal.[1]
ASSIGNMENT OF ERROR
Jill avers that the trial court erred in denying her claim for reimbursement or reduction in the appraised value of the home.
STANDARD OF REVIEW
It is well settled that a trial court has broad discretion in adjudicating issues raised by divorce and partition of the community. Factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error. Benoit v. Benoit, 2011-0376 (La. App 1 Cir. 3/8/12), 91 So.3d 1015, 1019, writ denied, 2012-1265 (La. 9/28/12), 98 So.3d 838.
DISCUSSION
Jill contends in her brief that her testimony regarding home repairs was uncontroverted, *269 and that Mark made no objection to her testimony at any time. Even if we accept this contention as true, it does not require the trial court to accept her uncontroverted testimony as correct. A trial court can accept or reject uncontroverted testimony in the exercise of its discretion. See Hebert v. Winn Dixie Stores of Louisiana, 426 So.2d 295, 298 (La. App. 4 Cir. 1983). We do not find that the trial court erred in rejecting Jill's uncontroverted testimony, as she claims in her brief.[2]
It was not necessary for Mark to object to Jill's testimony, as he presented his own valuation of the home in his detailed descriptive list and appraisal. Therefore, Mark produced reasonable evidence to contradict her testimony. See Hebert, 426 So.2d at 298. Since Jill presented her own testimony regarding repairs needed to the home without any other corroborating testimony or documentation, we cannot say the trial court was manifestly erroneous in choosing to believe Mark's evidence of the home's value over her evidence of the home's value.
DECREE
The judgment of the Twentieth Judicial District Court to deny a reduction of the value of the matrimonial domicile in favor of the appellant, Jill Hopper Jenkins, is affirmed. All costs of this appeal are assessed to the appellant.
AFFIRMED.
McClendon, J. concurs.

Jill also filed an appeal of the judgment concerning her request for permanent periodic spousal support, which is also before this Court. See Jenkins v. Jenkins, 2017-1200 c/w 2017-1201 (La. App. 1 Cir. 4/13/18), 249 So.3d 883, 2018 WL 1773153.

Jill also claims in her brief that the trial court refused to hear one of her witnesses regarding "reimbursement," on the grounds that the witness was not previously disclosed. The brief is unclear as to whether this reimbursement was linked to the issue of repairs to the home, and in any event, Jill does not assign as error this action by the trial court.