KING, Judge.
This appeal presents the sole issue of whether the trial court, after finding that plaintiff slipped and fell on a foreign liquid substance located on the floor of defendant’s store, erred in finding that defendant met the burden of proof that shifted to it to exculpate itself from liability.
This “slip and fall” suit involves an action for damages arising out of an accident suffered by Michael Lambert (hereinafter referred to as plaintiff) at a supermarket owned and operated by Winn-Dixie, Louisiana, doing business as Winn Dixie Food Stores (hereinafter referred to as defendant) and located in Lafayette, Louisiana.
On July 9, 1982 at about 4:00 P.M., plaintiff was pushing a shopping basket parallel to the meat counter located in the rear of the defendant’s store. While moving forward and looking toward the meat display, the plaintiff slipped and fell in what appeared to be a wet, transparent puddle of liquid on the floor. Plaintiff alleges that as a result of this fall, he sustained injuries for which defendant is liable to him for damages.
Trial on the merits was held before the Court which found that plaintiff slipped and fell on a foreign liquid substance on the floor of defendant’s store. However, the trial court also found that the defendant had met its burden of proving that the procedures followed by it in inspecting and cleaning its aisles and floors were proper and adequate under the circumstances and denied plaintiff recovery because defendant had rebutted any presumption of negligence.
Plaintiff timely appeals alleging as assignments of error that:
(1) The trial court erred when it failed to find defendant negligent for the failure of its employee, Phyllis Menard, to carry out a proper inspection as required by company policy; and
(2) The trial court erred when it refused to apply the standards set forth in Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984) and find the company procedures inadequate as a matter of law.
We affirm the decision of the trial court finding no negligence on the part of the defendant.
DEFENDANT’S LIABILITY
The evidence in the record shows that plaintiff slipped and fell in a liquid puddle on the floor of the defendant’s store. This finding of fact by the trial court is not disputed.
The Louisiana Supreme Court has clearly set forth the duty of the store owner in such an instance as follows:
“The duty of a store owner to protect his customers from foreign substances on the floor is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free of substances or objects that may cause customers to fall. Kavlich v. Kramer, La., 315 So.2d 282 (1975); Tripkovich v. Winn-Dixie of Louisiana, Inc., La.App., 284 So.2d 80 (1973); Fontanille v. WinnDixie Louisiana, Inc., La.App., 260 So.2d 71 (1972), cert. denied, 261 La. 1064, 262 So.2d 44 (1972); Prosser, Law of Torts, § 61, pp. 392-393 (4th ed. 1971). The circumstances that determine the reasonableness of protective measures include the type and volume of merchandise, the type of display, the floor space utilized for customer service, the nature of customer service, and the volume of business. As we recently noted, the self-service grocery system requires customers to focus their attention on the shelves and to handle merchandise. The system increases the risk of harm from objects dropped on the floor by customers and, correspondingly, the duty to minimize the risk by frequent inspections and cleanups. See Kavlich v. Kramer, supra; Prosser, Law of Torts, § 56, p. 349 (4th ed. 1971).
* * * ⅜ * *
Upon proof of such facts, we recently held in Kavlich v. Kramer, supra, that the duty of going forward with the evi *806 dence to exculpate the store employees from negligence shifts to the store owner.” Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486, at page 488 (La.1976).
With reference to the defendant’s burden of proof in such instances, the Louisiana Supreme Court has stated that:
“The critical effect of the partial shifting of the evidentiary burden was the virtual elimination of proof of actual or constructive knowledge as an element of plaintiff’s case. The spill of a foreign substance onto the floor is caused either by a store employee or by a customer. Under the new evidentiary burden, the store operator is required to prove that his employees did not cause the hazard and that he exercised such a degree of care that he would have known under most circumstances of a hazard caused by customers. Implicit in the change of judicial attitude regarding constructive knowledge is the consideration that diligent protective measures by store operators will lead to the actual discovery of most hazards. Indeed, this consideration is the very basis for imposing the duty on the store operator to utilize adequate protective measures that lead to the actual discovery of dangerous conditions. The degree of vigilance, of course, must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store, and other such considerations.
* * * * * *
The ... appropriate inquiry is whether the store operator took reasonable steps to fulfill its twofold duty to discover and to correct dangerous conditions reasonably anticipated in its business activity.” Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, at pages 686-687 (La. 1984).
Plaintiff claims that the trial court should have found defendant's inspection and cleaning procedures inadequate as a matter of law. We do not agree. The adequacy of defendant’s inspection and cleaning procedures constitutes a question of fact, not law.
Careful review of the record reveals sufficient evidence to support the trial court’s findings of fact. The record reflects that all of defendant’s employees received a considerable amount of training in safety practice with particular emphasis placed on the detection and clean up of spills on the floor of the store. The record also reveals that it was the established duty of each and every employee to maintain a constant vigilance to detect any spill, no matter where it might be located.
The record also establishes that defendant had an established procedure for periodic sweeping of the store’s floor. The floor was swept each day between 11:00 A.M. and 1:00 P.M., around 4:00 P.M., and again at closing. There was also testimony that the floor was swept more often whenever the store managers thought that it was needed. The defendant’s manager and assistant managers testified that they actually made personal inspections to make sure that the floors were properly swept and clean. In addition, they testified that as part of their managerial duties they constantly walked the aisles of the store looking for spills and other hazards. The defendant’s manager, Merlin Leger, specifically testified that the floor was in fact swept at 4:00 P.M. immediately prior to the accident sued on.
The plaintiff places great importance on the testimony of defendant’s employee, Phyllis Menard, who admitted that in all honesty, she cannot say that she looked particularly at the spot where the spill was located, even though she passed through the area of the spill fifteen minutes prior to the accident. However, this does not serve as an admission that the spill was present when she passed or even that she did not look at that particular spot. In essence, she states that she simply cannot remember.
The defendant’s meat market manager, Jerry Bower, testified that in the two hours prior to the accident, he traversed up and down the length of the aisle in front of the *807 meat counter as he stocked the meat displays. He stated that during that time he did not see the spill and that had the spill been there, he himself would have stepped in it.
It is well established that:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Canter v. Koehring Company, 283 So.2d 716, at page 724 (La.1973).
In the instant case, credibility of the witnesses was an integral consideration of the trial court in reaching its decision. The trial court found that defendant had met its burden of proving that it took reasonable steps to fulfill its duty to discover and correct dangerous conditions reasonably anticipated in its business activity. Review of the record reveals that there was a reasonable factual basis for these factual findings by the trial court. Therefore, we find no manifest error on the part of the trial court in finding that defendant took adequate protective measures to exculpate itself from liability. See e.g. Arnold, v. T.G. & Y Stores Co., 466 So.2d 529 (La. App. 3rd Cir.1985), writ den., 470 So.2d 126 (La.1985); Mitchell v. Travelers Ins. Co., 464 So.2d 404 (La.App. 1st Cir.1985).
It is unnecessary for us to address the quantum of plaintiffs damages, having already determined that the trial court did not manifestly err in finding that defendant is not liable.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed against plaintiff.
AFFIRMED.