504 So.2d 111 (1987)
Clara Annie McCARDIE, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
No. 18440-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
Writ Granted April 23, 1987.
*112 Brittain, Williams & McGlathery by Jack O. Brittain, Nachitoches, for plaintiff-appellant.
Barnes & Jefferson by O.P. Barnes, III, Monroe, for defendant-appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
HALL, Chief Judge.
In this slip and fall action for damages, plaintiff, Clara Annie McCardie, appeals a judgment in favor of defendant, Wal-Mart Stores, Inc., rejecting her demands.
The primary issue is whether a large retail outlet store, after proof by plaintiff that a foreign substance on the floor caused her to slip, fall, and sustain injuries, presented proof which exculpated itself from liability.
While shopping at Wal-Mart, plaintiff slipped on a clear, liquid substance in the aisle and fell on the floor. After the fall, several employees noticed a small puddle near plaintiff's feet. The employees checked the entire area but nothing indicated there had been a spill from any product located on the shelves. The exact nature of the substance on the floor was never determined.
After trial on the merits, the trial court found that plaintiff had slipped and fell on a foreign, liquid substance on the floor of defendant's store. However, the trial court also found that Wal-Mart had met its burden of proving that the safety procedures followed by the store in inspecting and cleaning its aisles and floors were proper and adequate under the circumstances and denied plaintiff recovery. Plaintiff appeals this judgment and attacks this conclusion by the trial court as erroneous.
The law is clear that once a person proves that he slipped and fell in a store because of a foreign substance on the floor, the burden shifts to the store owner to exculpate itself from the presumption of negligence which has arisen. The store owner is required to prove that its employees did not cause the hazard and that it exercised such a degree of care that it would have known under most circumstances of a hazard caused by customers. Diligent protective measures by store operators will lead to the actual discovery of most hazards. The degree of diligence, of course, must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, section of the store, and other such considerations. Brown v. Winn-Dixie of Louisiana, Inc., 452 So.2d 685 (La.1984).
Plaintiff's fall occurred in the ethnic products aisle of the health and beauty aids department. At the time of the accident, the ethnic counter generated the highest volume of sales and as a result was one of the most heavily travelled areas of the store. The overall responsibility for the department was vested with the department's manager, Marilyn Pfaffenberger, who testified that she walked back and forth along the four to five aisles in her department as many as twenty times during an hour. The primary responsibility of the ethnic aisle, however, belonged to the *113 manager of the ethnic counter, Sherri Richards. Ms. Richards was assigned to maintain the ethnic aisle, keep it stocked with merchandise, and care for the safety of customers in her area.
According to defendant's evidence, the entire store was swept and cleaned each evening. During the day the store employed a "safety sweep" program. The safety sweep was conducted by a stockman or maintenance man once in the morning and again in the afternoon. The safety sweeper was instructed to punch in and out at the time clock in order to keep a record of the safety sweep. The purpose of the safety sweep was to sweep the aisles and spot check for spills or other hazards on the floor. Other than the safety sweep there was no specific time in which to check for spills; however, each department manager periodically checked for spills or other hazards within his area. Further, all employees were instructed to be on the lookout for dangerous or hazardous conditions.
On the date of the accident, Ms. Richards, upon arrival at work, inspected the ethnic aisle as she customarily did every morning. After placing merchandise on the shelves, she spent the rest of the morning straightening her area and handling mark-ups and mark-downs. She stayed in the ethnic area from 9:15 a.m. until shortly before the plaintiff's fall around 11:30 a.m. Ms. Richards inspected her area again and was preparing to take a break when she was called over to the check-out counter. Ms. Richards testified at trial that she left around 11:30 a.m. to go to the check-out counter, however, in her pretrial deposition, she estimated the time was closer to 11:00 a.m. In any event, Ms. Richards was adamant that she was away from her aisle only five to six minutes before she was notified over the intercom that she was needed back in her department. Upon returning, she discovered a customer had fallen in the ethnic aisle. Ms. Richards testified there was nothing on the floor when she left for the check-out counter.
Dorothy Austin, manager of the houseware and chemicals department, came down the ethnic aisle ten to fifteen minutes prior to the accident and did not observe any substance on the floor or anyone in the aisle. The store's assistant manager, Betty Stuckey, passed the ethnic aisle several times in the morning but did not observe any hazardous substance on the floor. She testified that everyone is responsible for safety in the store and the employees are trained to look for spills as they walk through the aisles.
The safety sweep time card reflected that the safety sweep began at approximately 11:20 a.m. on the day of the accident. There was conflicting testimony as to whether the safety sweep included the ethnic aisle. However, both Ms. Pfaffenberger and Ms. Richards testified that the ethnic aisle was included in the safety sweep. In fact, Ms. Richards testified that the safety sweeper was coming toward the ethnic aisle when she left for the check-out counter minutes before the accident occurred.
The plaintiff strenuously argues that Wal-Mart failed to prove that none of its employees created the hazard, a threshold requirement of Brown, supra.
Although none of the Wal-Mart employees who testified at trial stated specifically that they did not create the hazard, each employee testified he or she did not observe the liquid substance on the floor until after the accident occurred. The employees who testified were those who either worked or had responsibilities in the area where the fall occurred. There was also testimony that the assistant manager and two other employees checked the entire area where the fall occurred for anything leaking out of a container on the counter and found nothing. From this testimony it is reasonable to infer that none of the employees created the hazardous condition.
Plaintiff attacks the credibility of Sherri Richards because of discrepancies in her testimony, particularly concerning the time she left the ethnic counter. The discrepancies *114 are not substantial enough to impeach her testimony, and the trial court made specific findings supporting this witness's credibility. The trial court noted that Ms. Richards was no longer employed by Wal-Mart when the matter came for trial, that she was a most particular person concerning neatness and spills as evidenced by her own testimony and that of her co-employees, and that nothing was on the floor when she left the ethnic aisle five or six minutes before the accident. The trial court's finding as to credibility is entitled to great weight. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Under the facts and circumstances of this case, Wal-Mart met its burden of proving that it took reasonable steps to fulfill its duty to discover and correct dangerous conditions reasonably anticipated in its business activity. A careful review of the record reveals there was a reasonable evidentiary basis for the findings by the trial court. Therefore, we find no manifest error by the trial court in finding that defendant took adequate protective measures to exculpate itself from liability. See Arnold v. T.G. & Y. Stores Co., 466 So.2d 529 (La.App. 3d Cir.1985), writ denied, 470 So.2d 126 (La.1985); Schexnider v. Winn Dixie of Louisiana, Inc., 490 So.2d 1095 (La.App. 3d Cir.1986), writ denied, 491 So.2d 381 (La.1986); Lambert v. Winn Dixie of Louisiana, Inc., 490 So.2d 804 (La. App. 3d Cir.1986); and Mitchell v. Travelers Ins. Co., 464 So.2d 404 (La.App. 1st Cir.1985).
Plaintiff also contends that Wal-Mart should be held strictly liable for a slip and fall accident in its store. However, fault is the basis of recovery in a slip and fall action and each case must be determined in light of its own particular circumstances. Proof of an accident is not proof of fault. Johnson v. Tayco Foods, 475 So.2d 65 (La.App. 2d Cir.1985), writ denied, 478 So.2d 149 (La.1985); Davis v. Winningham Datsun-Volvo, Inc., 493 So.2d 719 (La.App. 2d Cir.1986). Therefore, plaintiff's contention is without merit.
For the reasons assigned, the judgment of the district court is affirmed at plaintiffappellant's cost.
AFFIRMED.