HALL, Chief Judge.
Clara Annie McCardie filed suit for injuries she sustained when she slipped and fell on a spot of liquid in a Wal-Mart store. The trial court rejected her demands and this court affirmed that decision. McCardie v. Wal-Mart Stores, Inc., 504 So.2d 111 (La.App. 2d Cir.1987). The Supreme Court reversed, finding that defendant had not met its burden of proving freedom from negligence. McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987). The case is on remand to determine the amount of plaintiff’s damages.
On January 26, 1984 plaintiff fell in a Wal-Mart store in Jonesboro, Louisiana. Plaintiff subsequently went to a doctor where x-rays were taken and a cast was *1321 placed on her leg. She was hospitalized for eight days immediately following the accident in January and was hospitalized again in November. She wore a back brace part of the time, had her leg in a cast for several weeks and was on crutches for a few weeks after her cast was taken off. Plaintiff had to take several medications after her accident which were used to treat pain, inflammation, muscle spasms, anxiety and high blood pressure. She also had to use a TENS unit to reduce the pain. Plaintiff, according to her testimony, has had pain in her lower back constantly since the accident. Her ankle hurts and swells depending on the amount of activity and weather changes.
Plaintiff contends that she fell hard enough to break both the fibula and tibia in her left leg and jarred her back creating facet joint changes leading to degenerative osteoarthritis in the lower back. Plaintiff also claims damages for constant pain and anxiety as a result of the tibia not healing, an increase in blood pressure requiring new additional medications, reinjury of her right shoulder, and for injury to her hip.
Defendant contends that plaintiff did not break her tibia at the time of the initial fall. It argues that her facet joint changes, increased blood pressure and anxiety were not caused by the Wal-Mart accident. Defendant claims that the only damages due plaintiff are for an uncomplicated fracture of the distal fibula at the left ankle.
Dr. Raymond E. Dennie, board qualified in orthopedic surgery, and Dr. John McNulty, board qualified in general surgery, both practice medicine in the same office complex and treated plaintiff for her injuries. Dr. Dennie is plaintiff’s regular physician but was out of town when she requested medical attention. Dr. McNulty examined plaintiff shortly after the accident and found that plaintiff had a blood pressure of 190 over 120, had injured her right hip, and had pain in her lower back and swelling in the region of her left ankle. He found tenderness but no swelling in the shoulder. Dr. McNulty x-rayed the ankle and placed a below-the-knee cast on her leg. Upon admission to Jackson Parish Hospital further x-rays were taken of plaintiffs ankle, chest, lumbar spine, right hip and right shoulder.
After analysis of the x-rays Dr. McNulty and Dr. J. Paul Peters, radiologist, diagnosed a minimally displaced spiral fracture of the distal fibula. Neither doctor observed a fracture of the tibia. X-rays of her pelvis and hip appeared to be normal but slight scoliosis of the lumbar spine with convexo to the left was indicated. Dr. McNulty followed plaintiffs progress until March 14, 1984 when he removed her cast. On that date he took additional x-rays but did not see the fractured tibia. He described her recovery as normal which included some swelling and pain. He referred plaintiff to Dr. Dennie for evaluation of her back injury and for a follow up on her blood pressure problems.
After plaintiff continued to complain of pain and swelling in the ankle, Dr. Dennie ordered follow-up x-rays where he found the fractured tibia. Dr. Dennie, after seeing her later x-rays, was able to find the fracture in the March x-ray film. He stated that the fracture was in the same general vicinity of the fractured fibula and that in his professional opinion it was fractured at the same time. He stated that since the tibia had not healed as of April 1985 that it would probably remain non-united and will be a source of pain and swelling in her ankle. Dr. Dennie assigned her a fifteen percent disability to the left lower extremity based upon pain, swelling and limitation of motion in the ankle.
On March 14, 1984 Dr. Dennie also did a neurological examination on plaintiffs back. He found that plaintiff had marked point tenderness directly over the vertebral bodies of the fourth and fifth lumbar with a markedly positive percussion test. He initially diagnosed plaintiff as having a lumbosacral sprain with the possibility of a lumbosacral disc. A CAT scan was performed, the results of which were normal and ruled out disc disease.
In November of 1984 Dr. Dennie hospitalized plaintiff again to attempt to control her blood pressure and try to establish a final diagnosis. He ordered another CAT *1322 scan which showed evidence of minimal facet joint disease which is evidence of degenerative osteoarthritis. He stated that the accident caused the changes since the earlier scan was negative. Dr. Dennie assigned a ten percent disability to her back.
We find that plaintiff proved that the fracture of both the tibia and fibula resulted from the fall at the Wal-Mart store. Defendant argues that since Drs. McNulty and Peters did not see the fracture on the x-rays taken, it was not present when the first x-rays were taken after the accident. Dr. Dennie unequivocably testified that the fracture was there. Dr. McNulty testified that he did not see the fracture in the x-ray; however, he acknowledged that doctors may not see a small fracture initially but may later find it after persistent complications. Although neither supported nor contradicted by Dr. McNulty, Dr. Dennie’s findings are persuasive.
Dr. Dennie diagnosed plaintiffs back problem. Defendant argues that since plaintiff had an earlier cervical injury it precipitated the degenerative osteoarthritis. We do not agree. Both Drs. McNulty and Dennie stated that in their opinion a cervical injury would not have caused plaintiffs lower back problems. Plaintiff had no lower back problem prior to the accident. According to the evidence plaintiffs back complaints began immediately after the fall. There was no medical evidence contradicting Dr. Dennie’s findings concerning plaintiff’s back problems and their relationship to the accident.
Plaintiff did not establish a reinjury to her shoulder. Dr. McNulty found tenderness in the shoulder region during his initial examination but Dr. Dennie attributed these symptoms to a prior accident. Since Dr. Dennie treated plaintiff prior to her accident for these problems he was in a better position to assess her injuries.
Plaintiff has not proven that the accident aggravated her already “high” blood pressure, except temporarily. Plaintiff had a history of hypertension. Drs. McNulty and Dennie both agree that plaintiff’s blood pressure could have been elevated at the time of the fall due to trauma which caused increased pain and stress. Dr. Dennie stated that he would be speculating as to the extent of plaintiff's permanent blood pressure aggravation. Her blood pressure has been controlled through the use of proper medications.
Plaintiff also failed to establish a claim for lack of earning capacity. While plaintiff has some disability in her leg and back no evidence was introduced to establish whether plaintiff could work or not. Plaintiff testified that she has difficulty doing housework due to pain but merely stated that if she had not been injured she would be able to work. Plaintiff had not worked for many years prior to the accident.
Plaintiff was forty-five years old at the time of the accident. She had a painful injury to her ankle and back which will cause her some pain and disability the rest of her life. We find that $25,000 in general damages for pain, suffering and disability will adequately compensate plaintiff for injuries attributable to the fall. Plaintiff is entitled to $7,984.67 for past medical expenses established as attributable to the accident. We find that she is also entitled to $3,100 for future medical expenses consisting primarily of the cost of medications.
Judgment is rendered in favor of plaintiff, Clara Annie McCardie, and against defendant, Wal-Mart Stores, Inc., in the sum of $36,084.67, together with legal interest thereon from date of judicial demand until paid, and for all costs of this proceeding, including the costs of appeal.