Sylvia **LEBOEUF** and **Fred LeBoeuf,**
Plaintiffs–Appellants,

v.

**K–MART CORPORATION,**
Defendant–Appellee.

No. 88–3790
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 28, 1989.

Herbert W. Barnes, Samanie, Barnes & Allen, Houma, La., for plaintiffs-appellants.

Rodney A. Seydel, Jr., Robert I. Seigel, Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, La., for defendant-appellee.

Before REAVLEY, JONES, and DUHE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Sylvia LeBoeuf slipped and fell in one of the defendant's stores. After a four day trial, the jury returned a verdict for K–Mart Corporation (K–Mart) on the issue of liability. Sylvia and Fred LeBoeuf appeal the jury verdict, certain evidentiary rulings of the district court, and the submission of a special verdict question. Finding no error in the district court's rulings, we affirm its judgment.

## BACKGROUND

On December 1, 1985, Sylvia LeBouef slipped and fell at a K–Mart store in Houma, Louisiana. K–Mart employees were soon on the scene to assist her. A few minutes after the accident, a plastic clothes clip was discovered in the area of Mrs. LeBouef's fall. The precise cause of the fall was never determined by the trial court but evidence was introduced at trial to show that Mrs. LeBouef slipped on the plastic clothes clip.

Witnesses for K–Mart testified extensively concerning the store's inspection, maintenance and safety procedures. Witnesses for the LeBouefs testified that there were still a substantial number of objects on the floor at the end of the day. In addition, an expert witness testified for each party concerning the adequacy of the store's inspection and maintenance procedures.

The trial judge gave the following charge to the jury at the conclusion of the trial:

Once a plaintiff shows that she slipped and fell and was injured due to an object on the floor, the burden shifts to the defendant store operator to go forward with evidence to exculpate itself from the presumption that he was negligent. In order to do this, the store operator is required to prove that his employees did not cause a hazard and that the store exercised such a degree of care that the store operator would have known under most circumstances of a hazard caused by customers. The degree of the store's vigilance must be related to the amount of risk involved in that particular area of the store. The circumstances that may determine the reasonableness of the protective measures include the type and volume of merchandise, the type of display, the floor space utilized for customer service, maintenance procedures, and the type and frequency of inspections which the store routinely requires.

The trial judge then submitted a set of special verdict questions to the jury. The first question asked: "Do you find that the defendant breached a duty of care owed to the plaintiff?" The jury was instructed that if it answered the first question "no" that it was not to proceed to the next question. The jury answered "no" to the first special verdict question and the trial judge entered a verdict for the defendants.

## I. JURY VERDICT

■ The standard of review we apply is the familiar *Boeing* standard: a jury verdict will not be overturned unless the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir.1969). *See also Halphen v. Johns–Manfield Sales Corp.*, 737 F.2d 462 (5th Cir.1984); *Thezan v. Maritime Overseas Corp.*, 708 F.2d 175 (5th Cir.1983), *cert. denied*, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984). We state at the outset that the LeBouefs have not met this exacting standard.

The LeBouefs discuss several Louisiana decisions that recognize a defendant's liability for particular inspection and maintenance practices. They essentially argue that Houma K–Mart's inspection and maintenance practices were as bad or worse than those found deficient in those cases. Thus, they argue, K–Mart should have been held liable as a matter of law. That conclusion is flawed for two reasons.

First, many of those cases turn on the fact that the dangerous condition might have been created by the defendant. A reasonable jury could have found that the plastic clothes clip, if that was the cause of Mrs. LeBouef's fall, was dropped by one of K–Mart's patrons. If the jury did so find, then many of the cases cited would be inapposite.

More importantly, however, there was conflicting evidence introduced at trial concerning the adequacy and extent of the inspection and maintenance procedures of the Houma K–Mart. The adequacy of a store's inspection and maintenance procedures is a question of fact that may be affected by the special circumstances of each case such as the type and volume of

merchandise sold and the floor surface. *Lambert v. Winn–Dixie Louisiana, Inc.,* 490 So.2d 804 (La.App. 3d Cir.1986); *Brown v. Winn–Dixie Louisiana, Inc.,* 452 So.2d 685 (La.1984). Witnesses for K–Mart testified that their practices were more extensive than those conceded in LeBouefs' brief.[1] Whether or not K–Mart breached its duty of care to Mrs. LeBouef essentially turns on what the jury found to be that store's inspection and maintenance practices. A reasonable jury could have credited K–Mart's witnesses and concluded that the Houma K–Mart did not breach its duty of care.

## II.  EXCLUDED EVIDENCE

■  The LeBouefs also contend that the district court erred in four of its evidentiary rulings. We begin with the applicable federal rules of evidence and our standard of review. Fed.R.Evid. 402 provides in part that "Evidence which is not relevant is not admissible." Fed.R.Evid. 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

We review a district court's evidentiary rulings to determine if the district court abused its discretion. *Jon–T Chemicals, Inc. v. Freeport Chemical Co.,* 704 F.2d 1412, 1417 (5th Cir.1983). In addition, Fed.R.Evid. 103(a) provides that an erroneous ruling does not constitute reversible error unless the ruling affected "a substantial right of the party." With this in mind, we shall examine each evidentiary ruling in turn.

■  The district court excluded evidence obtained by two of the LeBouefs' investigators concerning the subsequent condition of the Houma K–Mart floors. It provided the following reason:

I'm going to sustain the objection to the admissibility of evidence about a condition that exists in the store two years after an accident. Dangerous conditions come and go. You could have a dangerous condition that happened two hours after the accident, two days, two weeks, two months. You know, to me it's so remote in time that I don't see what probative value it has. Because it's what was happening at the given time of this accident that counts. Because dangerous conditions happen, come and go in stores all the time.

The district court further explained that he thought a subsequent condition was not relevant, and even if relevant, that "the prejudicial effect of the admission of the testimony would outweigh its probative value." We agree that the probative value of this evidence would have been quite low and that the admission might have tended to mislead the jury. Consequently, we find no abuse of discretion in the exclusion of this evidence.

■  The LeBouefs lodge a separate objection to the exclusion of testimony of its investigator Michael Cannon as to the subsequent condition of the Houma K–Mart floors because they claim the defendant opened the door to such testimony on cross-examination. However, the record reflects that Mr. Cannon was asked whether he had visited the store prior to forming his opinion on the adequacy of K–Mart's inspection and maintenance procedures. Such a question merely asks about the foundation for his opinion and when it was formed, not about the subsequent conditions that existed when he did visit the store. For the same reasons that apply to the prior ruling, we find no abuse of discretion in the exclusion of this testimony.

■  The LeBouefs attempted to introduce evidence showing that a store managers' bonus was related to the store's profits after tort judgments were paid. Yet, K–Mart offered deposition evidence to the dis-

---

**1.** One of K–Mart's witnesses was accepted by the court as a safety expert. He examined K–Mart's inspection and maintenance program and testified that the procedures employed were more than adequate to detect and prevent a potential hazard. A reasonable jury could have accepted the testimony of K–Mart's expert witness.

trict judge demonstrating that tort judgments were charged to the total operation of the company not to the individual store. The district court excluded the alleged evidence of bias:

> [The testimony was on] whether or not the loss record of the particular store had any reflection on its individual profits and testimony was to the effect that it didn't, that it had some effect on the overall profits of the company, not any individual store. The Court found that there was no relevance to the case and in any event, that its prejudicial effect would outweigh the probative value of such testimony.

We agree with the district court that the probative value of such testimony would be outweighed by its prejudicial effect.

■ The district court also excluded a K–Mart video tape concerning the number of in-store accidents at K–Mart stores nationwide for the following reasons:

> [The tape describes K–Mart's safety record] as a national average apparently in terms of accident rates or something of that nature and it really takes in the whole of K–Mart's organization, it has no direct relationship to what is happening at this particular store. For that reason, the Court will sustain the objection.

We agree that such statistics would have "no direct relation ..." to the ultimate issues in this case and that it was more likely to mislead the jury than add to its relevant information. Consequently, we find no abuse in the trial court's exercise of discretion.

### III. SPECIAL VERDICT QUESTION ONE

■ The LeBouefs argue that special verdict question one was misleading because it did not outline the presumptions and burdens of proof that are recognized in Louisiana slip and fall jurisprudence. The LeBouefs argue that the question should have acknowledged that K–Mart was presumed to have breached its duty of care. We must reject this argument.

We review the submission of special verdict questions to determine if the district court abused its discretion. *Dobbs v. Gulf Oil Co.,* 759 F.2d 1213, 1215 n. 3 (5th Cir.1985). In doing so, we examine "whether, when read as a whole and in conjunction with the general charge, the interrogatories adequately presented the contested issues to the jury." *Dreiling v. General Electric Co.,* 511 F.2d 768, 774 (5th Cir.1975). In light of the jury charge quoted at the beginning of this opinion, we are confident that the ultimate issues were adequately presented to the jury for their deliberation.

For the foregoing reasons, we AFFIRM the judgment of the district court.