United States Court of Appeals,

Fifth Circuit.

No. 91–7010

Summary Calendar.

Marie BLACK, Individually and as representative of Randy A. Black, Pam Black Gum, Kitty Black, adults, and William A. Black and Tammy Black, minors, the sole and only heirs at law of Romie Black, Plaintiffs–Appellants,

v.

J.I. CASE COMPANY, INC., Defendant Appellee.

Oct. 1, 1992.

Appeal from the United States District Court for the Northern District of Mississippi.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

In this Mississippi diversity case arising from the accidental death of Romie Black (Decedent), his successors, Plaintiffs–Appellants herein (collectively, the Blacks), appeal the adverse jury verdict absolving Defendant–Appellee J.I. Case Company, Inc. (Case) of liability. Finding that the district court committed no reversible error, we affirm.

I

FACTS

Decedent, an experienced backhoe operator, ordered a new backhoe from one of Case's retail stores. As an accommodation, Case's store operator allowed Decedent to borrow an older model Case backhoe pending delivery of the new one. A few days later while Decedent was using the borrowed machine to clear small trees and debris on sloping land, the backhoe rolled over. Decedent, who was not wearing a safety belt, struck his head on one of the support posts of the backhoe's "Rollover Protection System" (ROPS). He died shortly thereafter from injuries sustained in the accident.

The Blacks sued Case in Mississippi state court for Decedent's wrongful death, and Case timely removed the action to federal court.[1] The jury exonerated Case from liability in the death of Decedent, and a final judgment was entered to that effect. The Blacks have appealed to us from that judgment.

II

STANDARD OF REVIEW

In reviewing a jury's findings of fact, we apply the standard set out in *Boeing Co. v. Shipman*[2]: "[A] jury verdict will not be overturned unless the "facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable [jurors] could not arrive at a contrary verdict.' "[3] In reviewing the evidentiary rulings of the judge who presides at a jury trial we apply the abuse of discretion standard, with considerable deference.[4]

III

ANALYSIS

On appeal the Blacks quarrel extensively with the factual findings of the jury, but also proffer six claims of legal error by the district court. The Blacks assert that the district court erred by:

A. Refusing to grant partial summary judgment on liability in favor of the Blacks after they showed that, as a matter of law, Case had (1) breached the implied warranty of merchantability, (2) failed to warn Decedent of the dangers inherent in the backhoe, and (3) failed to inspect the backhoe;

B. Refusing to grant a directed verdict;

C. Allowing Case to amend the pre-trial order to allege that the accident was caused by the

---

[1]*See* 28 U.S.C. §§ 1332, 1441 (1988).

[2]411 F.2d 365 (5th Cir.1969).

[3]*LeBoeuf v. K–Mart Corp.,* 888 F.2d 330, 332 (5th Cir.1989) (quoting *Boeing Co.,* 411 F.2d at 374).

[4]*See Young v. City of New Orleans,* 751 F.2d 794, 797 (5th Cir.1985).

sole negligence of Decedent;

D. Refusing to allow testimony regarding the position of the backhoe's boom at the time of the accident;

E. Instructing the jury regarding Decedent's misuse of the backhoe;  and

F. Refusing to allow the jury to consider awarding punitive damages.

We now address, seriatim, the Blacks' foregoing assignments of error.


A. *Denial of Partial Summary Judgment*

The Blacks insist that there were no genuine issues of material fact regarding liability so that the district court's denial of their motion for partial summary judgment was error.  But, as denial of a motion for summary judgment is interlocutory, no appeal lay at the time the motion was denied. Consequently, the Blacks now seek review of the denial of their motion, which was unappealable when the order was issued.


The Blacks cite no authority for their proposition that an interlocutory order denying summary judgment, unappealable at the time it was issued and filed, nevertheless becomes appealable following rendition of a final judgment on the merits adverse to the movant.  Neither does our independent research reveal controlling authority in this circuit on that point.  Therefore, we adopt the rule of the Sixth, Ninth, and Federal Circuits that a denial of a motion for summary judgment, interlocutory and therefore unappealable at the time rendered, is not subject to review on appeal of the final judgment entered following completion of the trial.[5]  Like those circuits, we hold that

---

[5]*Jarrett v. Epperly,* 896 F.2d 1013, 1016 (6th Cir.1990);  *Locricchio v. Legal Servs. Corp.,* 833 F.2d 1352, 1358–59 (9th Cir.1987);  *Glaros v. H.H. Robertson Co.,* 797 F.2d 1564, 1573 (Fed.Cir.1986), *cert. dismissed,* 479 U.S. 1072, 107 S.Ct. 1262, 94 L.Ed.2d 124 (1987);  *see also Holley v. Northrop Worldwide Aircraft Servs.,* 835 F.2d 1375, 1377–78 (11th Cir.1988) (restricting appeals of denied summary judgment motions if sufficient evidence was adduced for the case to go to the jury or if the evidence had been supplemented or changed in some manner favorable to the party who had opposed the motion for summary judgment); *cf. Walther v. Lone Star Gas Co.,* 952 F.2d 119, 122–23 (5th Cir.1992) (holding that, in the context of the Age Discrimination in Employment Act, after a trial on the merits, "a reviewing appellate court need not address the sufficiency of plaintiffs prima facie case, and may proceed directly to the ultimate question of whether plaintiff has produced sufficient evidence for a jury [finding]").

"[w]here summary judgment is denied and the movant subsequently loses after a full trial on the merits, the denial of summary judgment may not be appealed."[6]

B. *Denial of Directed Verdict*

The Blacks also ask us to reverse the district court's denial of their motion for a directed verdict, but this is just a request for us to review the sufficiency of the evidence. The district court should grant a motion for a directed verdict if, and only if, "there is a lack of substantial evidence to support a jury verdict."[7] Or, in the words of the newly revised Federal Rules of Civil Procedure, a motion for judgment as a matter of law should be granted when "there is no legally sufficient evidentiary basis for a reasonable jury to have found for [the nonmoving] party."[8] On appeal, we will review the sufficiency of the evidence, but only if the appellant has raised the sufficiency issue in the district court by moving for a directed verdict.[9] When we say that we are reviewing a motion for a directed verdict, then, we are actually just reviewing the sufficiency of the evidence.[10] In other words, reviewing a denial of a motion for a directed verdict made at the end of trial and reviewing the sufficiency of the evidence are one and the same thing.

In the instant case, the evidence is sufficient to support the jury verdict. In grounding their merits challenge to the sufficiency of the evidence in the contention that three key facts—the seat-locking mechanism on the borrowed backhoe was broken either before or during the rollover;

---

[6]*Epperly,* 896 F.2d at 1016. Like the Sixth Circuit, we find cases which state that "interlocutory orders merge into the final judgment and may be presented on appeal of that final judgment, but we find no case which deals specifically with the appealability of a denial of summary judgment after a full trial on the merits." *Id.* at 1016 n. 1. Therefore, we follow these circuits and reject this appeal.

[7]*Dickinson v. Auto Center Mfg. Co.,* 733 F.2d 1092, 1102 (5th Cir.1983).

[8]Fed.R.Civ.P. 50(a).

[9]*See, e.g., Coughlin v. Capitol Cement Co.,* 571 F.2d 290, 297 (5th Cir.1978). In the absence of a motion for a directed verdict, we only inquire whether there was *any* evidence to support the jury's verdict, regardless of the sufficiency. *Id.* at 297.

[10]*See Dickinson,* 733 F.2d at 1102.

any operator of that backhoe would have struck his or her head on one of the posts of the ROPS in the event of a rollover; and the seat-locking mechanism was repaired after the accident in which Decedent was fatally injured—were "undisputed," the Blacks argue that such "undisputed facts" entitled them to a directed verdict at the close of the evidence. They insist that, as a matter of law, those facts conclusively demonstrate a breach of the implied warranty of merchantability. We disagree, finding that such assertions by the Blacks miss the mark in several respects.

First, even if we assume for the sake of argument that those facts are "undisputed," they still do not entitle the Blacks to a directed verdict under Mississippi law. Section 75–2–314 of the Mississippi Code defines merchantable goods as those "fit for the ordinary purposes for which such goods are used."[11] In arguing that the subject facts demonstrate, as a matter of law, that the borrowed backhoe was unfit and thus unmerchantable, the Blacks completely misapprehend the relationship between these facts and the Mississippi law of merchantability. The "facts" that the seat was broken and that the operator would strike his or her head simply do not demonstrate a per se breach of the implied warranty of merchantability. At best they are evidence to be considered and weighed, along with all other admissible evidence, as proof of such a breach.

More important to our analysis here, however, is the realization that these facts were not undisputed but were very much in dispute at the time of the Blacks' motion for directed verdict, just as they had been at the time of the Blacks' motion for partial summary judgment. The Blacks simply mischaracterize the facts as "undisputed." Thus, even if we were to review separately the trial court's denial of the Blacks' motion for a directed verdict, we would find no error in that denial which allowed the question of liability to go to the jury on such disputed facts.

C. *Amendment to the Pretrial Order*

The Blacks insist that the district court erred in allowing Case to amend the pretrial order on

---

[11]Miss.Code Ann. § 75–2–314(2)(c) (1972).

the first day of the trial. The pretrial order listed, as one of the contested issues of fact, "whether a proximate, contributing cause of the accident was the negligence of the decedent in the operation of the backhoe in any of the particulars claimed by the defendant." The court allowed Case to amend on the first day of trial to allege that Decedent's own negligence was the sole and proximate cause of his death. The Blacks assert that this change in the pretrial order made the action "a different lawsuit at trial than was anticipated by [the Blacks]."

The decision "whether to permit amendment of the pretrial order in the course of the trial is generally a matter within the discretion of the trial judge, and the appellate court will intervene only if the trial judge acted arbitrarily."[12] Generally, pretrial orders should be modified "only to prevent manifest injustice."[13] We have stated, however, that "in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight."[14]

Applying this reasoning to the instant case, we are satisfied that the district court did not err in allowing the pretrial order to be amended—i.e., the district court did not abuse its discretion. We do not agree with the Blacks' assertion that the amendment dramatically changed the character of the lawsuit. The Blacks obviously anticipated the need to counter Case's assertions of Decedent's comparative negligence, and they must have been aware that Case's theory of the lawsuit, which was later accepted by the jury, was that the accident was entirely the Decedent's fault. We do not find that allowing the amendment to the pretrial order caused "substantial injury" to the Blacks' presentation of their case to the jury, and we therefore reject the assertion of reversible error by the district court

---

[12]*Wallin v. Fuller,* 476 F.2d 1204, 1209 (5th Cir.1973).

[13]*Canal Ins. Co. v. First Gen. Ins. Co.,* 889 F.2d 604, 609 (5th Cir.1989).

[14]*Sherman v. United States,* 462 F.2d 577 (5th Cir.1972) (citing *Central Distrib., Inc. v. M.E.T., Inc.,* 403 F.2d 943, 946 (5th Cir.1968)).

in allowing the amendment.

D. *Refusal to Admit Testimony on Boom Shift*

The Blacks next assert as error the trial court's refusal to admit testimony to the effect that the backhoe's boom shifted, thereby creating instability and causing it to roll over. In their brief to this court, the Blacks failed to address our standard of review of a trial court's ruling on admissibility of such evidence. This court will not "disturb a district court's ruling, disallowing the witness's testimony, absent a showing of clear abuse of the broad discretion vested in the district court on this issue."[15] The Blacks make no effort to inform us how the district court's refusal to admit the questioned testimony constituted an abuse of discretion. Instead, they merely complain in the abstract about the potential effect that the subject testimony could have had on the outcome of the case if that testimony had been heard by the jury. Without substantial support, such a complaint is pure conjecture and therefore insufficient to overcome the broad discretion allowed the district court in such evidentiary rulings. The court's refusal to admit testimony about a shift in the backhoe's boom was not an abuse of discretion.

E. *Jury Instructions Regarding Misuse of the Backhoe*

The Blacks complain stridently about the district court's instruction to the jury regarding Decedent's alleged misuse of the backhoe. As we understand their counsel's brief, this complaint is not the usual objection to the wording of an instruction. Rather, the Blacks quarrel with the court's giving the jury any instruction whatsoever concerning even the slightest possibility that Decedent might have operated the backhoe negligently. Candidly, we are at a loss to understand counsel's objection and can only conclude that he is confused about how the trial process works. Certainly the trial court instructed the jury regarding Case's allegations and evidence that the Decedent misused the backhoe; that was, after all, the gravamen of the defense's theory of how and why the accident

---

[15]*Young v. City of New Orleans,* 751 F.2d at 797 (citing *Bennett v. City of Slidell,* 697 F.2d 657, 662 (5th Cir.1983)); *see Howard v. City of Greenwood,* 783 F.2d 1311, 1313 n. 2 (5th Cir.1986).

occurred.  Case's pre-trial order lists Decedent's misuse of the backhoe as one of the assertions Case intended to prove.

More to the point, however, is our inability to find anywhere in the record of this case that the Blacks preserved this claim of error.  Neither does the Blacks' reply brief point out the location in the record of any such objection, even though the very existence of such an objection was expressly questioned in Case's brief to this court.  The Blacks must know that we will not consider on appeal any allegation of error regarding a jury instruction unless the aggrieved party has properly preserved its right to complain by making a timely objection to such instruction in the trial court.[16]

F. *Punitive Damages*

Finally, the Blacks assert that the district court erred in refusing to instruct the jury as to recovery of punitive damages.  In light of our rejection of all other assignments of error by the Blacks, and our affirmation of the jury's verdict and the final judgment rendered in accordance therewith, the issue of punitive damages is moot.

IV

CONCLUSION

As the Blacks failed to prevail before the jury on the merits of their case, we are not constrained to review the trial court's interlocutory denial of the Blacks' motion for partial summary judgment.  In adopting this position, we join the three circuits above identified.  In like manner, we do not review the district court's denial of the Blacks' motion for directed verdict separately and apart from our review, on the merits, of the sufficiency of the evidence to support the jury's verdict.  And, for the reasons set forth above, we find no merit in any of the remaining points raised by the Blacks and complained of by them as reversible errors of law on the part of the trial court.  Finally, finding no reversible error in the jury's determinations of fact, and concluding that the facts thus found by the

---

[16]Fed.R.Civ.P. 51.

jury are supported by the evidence, we affirm the jury's verdict and the district court's final judgment based thereon.

AFFIRMED.