# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20077
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2017

Lyle W. Cayce
Clerk

JULIETA ALEJANDRA GOMEZ OLVERA,

     Plaintiff - Appellee

v.

JUAN MAURICIO NELLIGAN,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1878

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

     Juan Mauricio Nelligan appeals an award of damages owed to Julieta Alejandra Gomez Olvera that resulted from a jury trial rendering a verdict against Nelligan. For the following reasons, the district court's judgment is AFFIRMED.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20077

## I

In July 2014, Olvera and Nelligan reconnected online and rekindled a relationship the two shared 20 years before. Olvera was a recent widow living in Mexico with her children and used insurance proceeds from her husband's death as her primary income source. At the time, Nelligan was living in Houston, Texas and was in a "vicious cycle of debt." The relationship progressed quickly and Nelligan wanted Olvera and her children to move to Texas. But, he could not afford a home or vehicle for them because of his debt. Olvera eventually gave over $240,000, from her insurance proceeds, to Nelligan to help him pay off his debt. Shortly thereafter, the relationship ended and Olvera was left struggling to support her family because she had given Nelligan most of her insurance funds.

Olvera sued Nelligan for fraud, breach of contract, promissory estoppel, unjust enrichment, money had and received, and other causes of action in connection with the $243,960.04 in life insurance proceeds that she claims Nelligan "swindled" from her. Nelligan countered that the money was a gift from Olvera, so he owed her nothing. The case was tried to a jury and a verdict against Nelligan was returned. The district court rendered judgment in the amount of $243,960.04 for economic damages, $50,000 for mental anguish, and $60,000 in punitive damages, as awarded by the jury. Nelligan appeals the district court's judgment and contends that the district court erred in instructing the jury that Nelligan had to prove, by clear and convincing evidence, that Olvera gifted him the money.[1]

---

[1] In her response brief, Olvera raises an issue of waiver. The record indicates that Nelligan at least raised the burden of proof issue before the district court. This court will not address this issue, however, because Nelligan's appeal fails on the merits.

No. 17-20077

## II

The district court's instructions to the jury are reviewed for abuse of discretion. *Le Boeuf v. K-Mart Corp.*, 888 F.2d 330, 334 (5th Cir. 1989). "Although we afford broad discretion in fashioning jury instructions, the trial court must nevertheless 'instruct the jurors, fully and correctly, on the applicable law of the case, and . . . guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth.'" *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1096 (5th Cir. 1994) (quoting *Bender v. Brumley*, 1 F.3d 271, 276 (5th Cir. 1993)). "On appeal, the charge must be considered as a whole, and so long as the jury is not misled, prejudiced, or confused, and the charge is comprehensive and fundamentally accurate, it will  be deemed adequate and without reversible error." *Id.* (quoting *Davis v. Avondale Indus., Inc.*, 975 F.2d 169, 174–75 (5th Cir. 1992).

## III

Nelligan contends that the district court erred in instructing the jury that he had to prove, by clear and convincing evidence, that Olvera gifted him the money, instead of "swindling" her, as she contended. By requiring Nelligan to meet this burden, Nelligan purports that the district court incorrectly shifted the burden from Olvera to him.

Texas law, the applicable state law in this diversity lawsuit, has squarely addressed the burden of proof when one party asserts the transfer of funds was a gift. "A party claiming a gift has the burden to prove it. . . . by clear and convincing evidence." *Oadra v. Stegall*, 871 S.W.2d 882, 891 (Tex. Ct. App. 1994) (internal citation omitted); *see also In re Estate of Glenn*, No. 2-05-380-CV, 2006 WL 3437799, at *7 (Tex. Ct. App. Nov. 30, 2006) ("[T]he trial court correctly instructed the jury that a gift must be proven by clear and convincing evidence." (internal quotations omitted)); *Dorman v. Arnold*, 932 S.W.2d 225,

No. 17-20077

227 (Tex. Ct. App. 1996) ("The person claiming that a gift was made must prove the gift by clear and convincing evidence.").

The court's jury instruction included:

> Mr Nelligan has the burden to prove that the transfers were gifts, by clear and convincing evidence. Clear and convincing evidence means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established. Do you believe by clear and convincing evidence, that Ms. Olvera made a gift of the $243,960.04 to Mr. Nelligan? Answer "yes" or "no."

Accordingly, the court necessarily did not abuse its discretion when it provided the jury with an accurate instruction on the applicable law.

**IV**

The judgment of the district court is AFFIRMED.